## THOMAS ET AL. *v.* WOOD ET AL.

PRACTICE.—*Defect of Parties.*—*Pleading.*—*Demurrer.*—An objection to a complaint, that there is a defect of parties, should be taken by demurrer, where such defect appears upon the face of the complaint.

SAME.—*Answer.*—Where such defect does not appear upon the face of the complaint, the objection should be taken by answer.

SAME.— *Waiver.*—*Supreme Court.*—*Assignment of Error.*—Such objection, if not so made in the court below, is thereby waived, and can not be raised for the first time in the Supreme Court on appeal.

WILL.— *Contesting Validity of.*—*Parties.*— *Executor.*—The executor, and the testator's widow when named beneficially in a will, are necessary parties defendants in an action to revoke the probate and contest the validity of such will.

SAME.— *Complaint.*—*Jurisdiction.*—The complaint in such action should allege, as a jurisdictional fact, either that the testator had died, or left assets, in the county where such action is brought, or that assets belonging to his estate had come into such county.

SAME.— *Waiver.*—*Evidence.*—*Error Cured.*—*Supreme Court.*—A failure to allege some of such jurisdictional facts may be urged against the complaint, for the first time, in the Supreme Court on appeal; but if, from the evidence in the record, any of such jurisdictional facts be established, such defect is unavailable as error.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *W. T. Brush*, for appellants.

*M. D. White* and *C. M. Travis*, for appellees.

HOWK, J.—In this action, the appellees, as plaintiffs, sued the appellants, as defendants, in the court below, to revoke the probate, and contest the validity, of the alleged last will and testament of Jason Thomas, deceased.

In their complaint, the appellees alleged, in substance, that, on the 24th day of January, 1876, the said Jason Thomas departed this life, leaving the appellees and the appellants, surviving him, as his heirs at law; that, after the death of said Jason Thomas, to wit, on the 28th day of January, 1876, a certain written instrument, purporting to be his last will and testament, was produced, exhibited and proved in due form, in the clerk's office of the court below, a copy of which pretended will was filed with and made part of said complaint, together with a copy of the proof thereof; that said written instrument was not, as it purported to be, the last will and testament of said Jason Thomas, deceased, because of the following facts, which the appellees alleged to be true:

1st.   That, at the time of the making of said instrument, the said Jason Thomas was not of sound mind, and was incapable, by reason of the unsoundness of his mind, of making a will;

2d.   That, at the time of the making of said pretended will, the said Jason Thomas was, on account of his extreme old age, weak and impaired, both physically and mentally, and thereby incapable of making a will;

3d.   That, at the time of the making of said pretended will, the said Jason Thomas was under the improper restraint and influence of the appellants, John R. Thomas and Joseph Thomas, and others acting in said matter at their request and instigation;

4th.   That, at the time of the making of said pretended will, the said Jason Thomas was under the influence and control of the appellants, John R. and Joseph Thomas;

5th.   That the execution of the said instrument was procured by and through the deceit, fraud, improper influence and duress practised and imposed upon the said Jason Thomas by the appellants, John R. and Joseph Thomas; and,

6th.   That long before, and at the time, and after the execution of said pretended will, the said Jason Thomas was of unsound mind and memory.   Wherefore, etc.

This complaint was verified by the oath of the appellee Mary E. Wood.

The appellants answered by a general denial; and the issues joined were tried by a jury, and a general verdict was returned for the appellees.

The appellants' written motion for a new trial was overruled, and to this decision they excepted; and judgment was then rendered on the verdict, setting aside and holding for naught the said last will and testament of said Jason Thomas, deceased, and in favor of the appellees, for their costs.

The appellants have assigned in this court the following errors:

1. The overruling of their motion for a new trial; ···.

2. The court below erred in not ordering Henrietta. Thomas, widow of the decedent and one of the legatees in his said will, to be made a party defendant;

3. The court below erred in not ordering the executor of said will to be made a party;

4. The court erred in rendering judgment, because it had no jurisdiction of the case; and,

5. There was such a defect of parties that there could not be a complete determination of the controversy.

Without special regard to the errors assigned, or to the order of their assignment, we will consider and decide such questions only as the appellants' attorneys have presented and discussed in their argument of this cause in this court; and, in so doing, we will take up those questions in the same order in which counsel have presented them.

The point is made for the first time in this court, that there was and is a defect of parties in this action, which "renders it impossible for the court to settle the rights of all the parties interested." Such an objection, conceding its existence, can not be made for the first time in this court in such a manner as to render it available for any purpose to the objecting party. If the defect of parties is apparent on the face of the complaint, it may be reached by a demurrer for the fourth statutory cause; but, if it is not apparent upon the face of the complaint, the objection may be taken by answer. If such objection is not taken either by demurrer or answer, it is expressly provided, in section 54 of the practice act, that "the defendant shall be deemed to have waived the same." 2 R. S. 1876, p. 59.

By the last clause of section 39 of "An act prescribing who may make a will," etc., approved May 31st, 1852, it is provided, that, in actions to contest the validity, or resist the probate, of any will, "the executor and all·

other persons beneficially interested therein, shall be made defendants thereto." 2 R. S. 1876, p. 580.

Undoubtedly, therefore, Henrietta Thomas, the widow of Jason Thomas, deceased, and a legatee named in the will, which is the subject-matter of this action, and the executors named in said will, were necessary parties to this suit. But it may be assumed that the appellants were cognizant of the facts that the widow and executors of said decedent were necessary parties defendants, and yet that they were not parties to this suit. As the appellants failed to make any objection to the complaint on this ground, either by demurrer or answer, in the court below, the question is, can they now, in this court, assign this defect of necessary parties as such an error as will entitle them to a reversal of the judgment in this cause?

It is insisted by the appellants' attorneys, that, in this case, "a complete determination of the controversy can not be had without the presence" of the widow and executors of the decedent, and that, in such a case, section 22 of the practice act imperatively requires, that "the court must cause them to be joined as proper parties." 2 R. S. 1876, p. 43.

If it be conceded that the court below erred in this, that it did not cause the widow and executors of the decedent to be joined as proper parties in this action, it seems to us, that the appellants can not complain of this error, for the reason that they neither objected nor excepted to the action or non-action of the court in this regard.

By their own neglect and failure to take advantage of the alleged defect in the complaint, in the proper mode and at the proper time, the appellants must be deemed to have waived this objection; and it can not be assigned by them as an available error in this court.

The appellants' attorneys also insist, that the court below erred in rendering judgment in this cause, because they say, the court had no jurisdiction of this case. This objection is made for the first time in this court.

In said section 39 of the act before referred to, pre-scribing who may make a will, etc., *supra*, it is provided, that an action to contest the validity, or resist the probate, of a will, must be brought in the court of common pleas of the county "where the testator died, or where any part of his estate is."

In section 79 of an act abolishing courts of common pleas, etc., approved March 6th, 1873, it was provided, that circuit courts should have the same jurisdiction that had theretofore been exercised by the court of common pleas.  1 R. S. 1876, p. 390.

In section 31 of the practice act, it is provided, that "An action to establish or set aside a will, must be brought in the county in which the will, if valid, ought, according to law, to be proved and recorded."  2 R. S. 1876, p. 46. And in section 23 of said act prescribing who may make a will, etc., it will be seen that a will must be proved in the county of which the testator, "immediately previous to his death," was an inhabitant, or, if the testator was not an inhabitant of this State, in the county in which he left assets, or into which his assets might thereafter come. 2 R. S. 1876, p. 576.

Construing all these statutes together, it would seem to be necessary, in order to give the court below juris-diction of the subject-matter of this action, that the testator, Jason Thomas, should have died in Montgomery county, or that he left assets in said county, or that assets of said estate had come into said county.

These were jurisdictional facts, and under the rules of good pleading, one or more of these facts ought to have been alleged in the appellees' complaint.  *Harris* v. *Harris, ante,* p. 117.

It did not appear from the averments of said complaint whether the court below had or had not jurisdiction of the subject-matter of this action.  The complaint was entirely silent as to whether or not the said testator died in Montgomery county, and as to whether or not he left

any assets in said county, and as to whether or not any assets of his estate had come into said county. It could not be told, therefore, from any thing apparent on the face of the complaint, whether or not the court below had jurisdiction of this cause.

If, under the law and the facts of this case, of all which we may assume that the appellants had full cognizance, the court below did not have jurisdiction of the subject of this action, this objection would not be deemed to have been waived by the mere failure to demur or set it up by answer, but it might be taken advantage of as error, for the first time, in this court. 2 R. S. 1876, p. 59, sec. 54.

We think, however, that the record of this cause shows very clearly, that the court below had jurisdiction of the action; for there was evidence in the record which was uncontradicted, that the testator, Jason Thomas, died in said Montgomery county, and this fact gave the circuit court of that county jurisdiction of the subject of this action.

This is sufficient, in our opinion, to obviate the appellants' objection in this court. *Brownfield* v. *Weicht*, 9 Ind. 394, and *Godfrey* v. *Godfrey*, 17 Ind. 6.

The only other question discussed by the appellants' counsel in this court is the sufficiency of the evidence to sustain the verdict. It is earnestly insisted, that the evidence was not sufficient to warrant the verdict.

We can not disturb the verdict or reverse the judgment on this ground. There was evidence before the court and jury tending to sustain the material averments of the complaint.

In such a case, it is no part of our duty to weigh the evidence; but, in accordance with the established practice of this court, we must affirm the judgment.

The judgment is affirmed, at the appellants' costs.