KING ET AL *v.* CITY OF BLOOMINGTON.

[No. 29,746. Filed June 12, 1959.]

*Hickam & Hickam,* of Spencer, and *Robert F. McCrea,* of Bloomington, for appellants.

*Frank A. Barnhart, Leroy Baker, Evens & Baker,* of counsel, all of Bloomington, *Gustav H. Dongus* and *Fansler, Fauvre, Dongus & Chambers,* of counsel, all of Indianapolis, for appellee.

ARTERBURN, J.—This appeal is the result of a remonstrance filed against the annexation of certain territory by the City of Bloomington, Indiana under Burns' §48-702, Acts 1955, ch. 269, sec. 3, p. 720.

We are first concerned here with a motion to dismiss the appeal by the appellee, City of Bloomington, under Rule 2-6 of this court, the pertinent part of which reads as follows:

> "In the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interests of the appellants shall be named as appellees. . . . Failure properly to name parties will not be treated as jurisdictional. . . ."

The parties named in the assignment of errors are set forth as follows:

"MERRILL KING, BERNICE KING,
on behalf of themselves and all other owners of land appealing from and remonstrating against annexation of the territory annexed to the City of Bloomington as provided by general Ordinance No. 4-1958, whose names are too numerous to recite in this caption but whose names are subscribed to Exhibit A attached to the complaint and made a part thereof,

APPELLANTS,

v.

CITY OF BLOOMINGTON,

APPELLEE."

In this case it appears there are 2478 signers to the remonstrance and that the territory sought to be annexed covers an area of approximately 11 to 12 square miles. It is situations such as this the legislature had in mind when it enacted Burns' 1946 Repl. §2-220:

"Of the parties in the action, those who are united in interest must be joined as plaintiffs or defendants; . . . when the question is one of a common or general interest of many persons, or where the parties are numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

This court, in *Board of Comrs. of Vanderburgh County* v. *Sanders* (1940), 218 Ind. 43, 30 N. E. 2d 713, 131 A. L. R. 1048, gave a common-sense and reasonable construction to a similar situation where 3,922 parties were interested in the action:

"It is contended that this appeal should be dismissed for the reason that all parties to the judgment were not named in the assignment of error. The plaintiff, Ora Sanders, was the only party named as appellee in the assignment of error. See rule 7, of the Supreme and Appellate Courts, §2-3212 and §2-3213, Burns' 1933, §476 and §477, Badwin's [sic] 1934.

"By the provisions of §2-220, Burns' 1933, §35, Baldwin's 1934, *supra* it is provided that in a class

action, 'one or more persons may sue or defend the benefit of the whole.' If by the terms of the statute one or more may sue or defend for the benefit of the whole in the trial court, likewise such person or persons may prosecute or defend the action on appeal. The statute must be construed as permitting one or more who begin the action for the benefit of the whole, or who defend for the benefit of the whole, as authorizing such person or persons to so prosecute or defend throughout all the stages of such action including an appeal to this court. So it seems to us that under the statute appellee, Ora Sanders, as representative of the class for whose benefit this action was instituted, is the only necessary party to be named as appellee on appeal.

"We therefore conclude that the appeal should not be dismissed."

The appellees urge upon us the case of *Baugher et al.* v. *Hall, Receiver, etc.* (1958), 238 Ind. 170, 147 N. E. 2d 591, where we dismissed an appeal which did not name the appellee (a receiver) in the assignment of errors, the title of action being stated as, "In the Matter of the Receivership of the Joyner Corporation." That case is to be distinguished, since the appellant was not prosecuting an appeal on behalf of himself and others similarly situated. Also in that case the receiver, who was the only adversary party, was not named at all in the assignment of errors. The implications of the rule stated in that case should not be extended any further than the facts therein require. It is too technical and harsh a rule to be enlarged upon.

It has been said many times that an assignment of errors on appeal is comparable to the complaint in the lower court. There is no more reason for being technical with reference to the parties named in the assignment of errors than in the complaint or petition in the court below. If the parties are named sufficiently in a complaint for a trial court to take

jurisdiction, hear and determine the issues, then we in this court on appeal should be able to do the same. *Rockey* v. *Hershman* (1923), 193 Ind. 168, 138 N. E. 339; 5 C. J. S., Appeal and Error, sec. 1245, p. 83. Looking at the petition or complaint filed in this case below we find that it was entitled as follows:

"MERRILL KING, BERNICE KING, on behalf of themselves and all other owners of land appealing from and remonstrating against annexation of the territory annexed to the City of Bloomington as provided be general Ordinance No. 4-1958, whose names are too numerous to recite in this caption but whose names are subscribed to Exhibit A attached hereto and made a part hereof,

Plaintiffs,

v.

CITY OF BLOOMINGTON,

Defendants."

A summons was likewise issued with the plaintiffs and defendant named as in the complaint. If there was any defect in the parties named in the complaint in the court below, it should have been properly raised there. If the appellee desired the 2478 signers to be named in the caption of the complaint and thought it was entitled to such formality, the time for insisting thereon was in the trial court. Burns' 1946 Repl. §2-1011.

This court said in *Thomas et al.* v. *Wood et al.* (1878), 61 Ind. 132:

"The point is made for the first time in this court, that there was and is a defect of parties in this action, which 'renders it impossible for the court to settle the rights of all the parties interested.' Such an objection, conceding its existence, can not be made for the first time in this court in such a manner as to render it available for any purpose to the objecting party. If the defect of parties is apparent on the

face of the complaint, it may be reached by a demurrer, for the fourth statutory cause; but, if it is not apparent upon the face of the complaint, the objection may be taken by answer. If such objection is not taken either by demurrer or answer, it is expressly provided, in section 54 of the practice act, that 'the defendant shall be deemed to have waived the same.' 2 R. S. 1876, p. 59."

For the reasons stated, it is too late here for the appellee to raise any question as to a defect or failure to properly name parties in the assignment of errors, which could have been called to the attention of the parties in the trial court below, as revealed by the complaint filed therein. The motion to dismiss is overruled.

We come now to a consideration of the merits of the case:

On February 4, 1958 the Common Council of the City of Bloomington enacted an annexation Ordinance No. 4-(1958) which enlarged the boundary lines of the City of Bloomington from approximately 3.87 square miles to 15.64 square miles. On March 13th a group of 2478 persons (appellants), claiming to constitute a majority of the owners of land in the territory sought to be annexed and claiming that they were owners of more than 75% in assessed valuation of the real estate in that territory, filed their remonstrance and complaint against the proposed annexation in the Monroe Circuit Court.

Burns' 1950 Repl. §48-702.

After the filing of the remonstrances (on April 15th) the Common Council repealed Ordinance No. 4-(1958) and the next day the City filed a verified "motion to dismiss without prejudice" the appeal then pending in the Circuit Court.

To the motion to dismiss, the appellants (remon-

strators) filed written objections, which stated among other things that there were 3336 separate parcels of land belonging to owners, (other than the City of Bloomington and Indiana University), in the proposed area to be annexed, and that there were more than 2478 signers to the remonstrances. The objections further alleged:

" . . . In the procurement of such signatures, and in filing their complaint and appeal herein, plaintiffs were put to a large expense in the employment of counsel, the search of pertinent records and the compiling, organization and analysis of the data disclosed by such search, and plaintiffs were required to and did devote hundreds of hours of the time of many of these plaintiffs to circulate their remonstrance and procure signatures thereon. Plaintiffs in good faith believe and therefore assert that the signers of such remonstrance constitute a substantial majority of the owners of land in the annexed territory and include the owners of more than seventy-five (75%) percent in assessed value of the real estate in the annexed territory, and thereby plaintiffs have complied with all requirements of §48-702, Burns' Pocket Supplement to confer jurisdiction upon this court so as to assure plaintiffs of a hearing before the court upon the merits of the annexation."

Appellants also alleged that they, at great expense, were preparing for trial on the merits; that it would be manifestly unjust and unfair to the remonstrators if the City, by the simple expedient of repealing its annexation ordinance, could have the appeal dismissed and avoid a hearing on the merits; that such action by the City is arbitrary, capricious and unreasonable and creates a hardship on the remonstrators.

The objections to the motion to dismiss further stated that the repeal of the annexation ordinance,

". . . was but one step in a program announced by defendant City of Bloomington by which it is

proposed that its Common Council, in the event this action is dismissed, will enact a new annexation ordinance eliminating from the area thereby to be annexed the acreage owned by Indiana University and the Griffy Lake property owned by the City of Bloomington, (none of which is taxable) and including therein the taxable land with improvements owned by these plaintiffs."

Thereafter on July 1, 1958 the City enacted a second Ordinance, No. 13-(1958) which comprised a considerably smaller area, but nevertheless a portion of the territory covered in the first Ordinance, No. 4-(1958). However, on July 15, 1958, as predicted in the objections to the motion to dismiss, the City did pass an Ordinance, No. 17-(1958) for an annexation, which was substantially the same territory proposed to be annexed in the first ordinance which had been repealed, with the exception therefrom of land mentioned, owned by the City of Bloomington and Indiana University, none of which was productive of property tax.

After the passage of Ordinance No. 17, appellants tendered and asked to file a supplemental complaint, setting up the passage of the last Ordinance No. 17-(1958) and alleged that it was substantially the same as the ordinance repealed, to which the remonstrances had been filed. It further alleged the tactics and procedure of the appellee City "was discriminatory and unlawful and is for the purpose of increasing the burdens on plaintiffs in procuring sufficient signatures upon remonstrances against the second and third and any further annexation ordinances," and that such reenactment of the annexation ordinance, after a motion to dismiss the remonstrances in the trial court was "an unlawful abuse of legislative powers" of the City, "all of which is vexatious, oppressive and is done for the purpose of imposing great and undue hardship upon

these plaintiffs in an attempt to compel them to abandon all efforts to oppose the annexation of their land."

The supplemental complaint asks that the first annexation be denied, that the City be enjoined from enacting the second (No. 13) and final (No. 17) ordinances and that the defendant City be restrained and enjoined from enacting any further annexation ordinance, pending the lapse of the two-year period provided under Burns' 1950 Repl. §48-702. This statute prohibits an attempt to reannex such territory within two years after an adverse decision thereon. The court denied the appellants' request to file such supplemental complaint.

The court heard the evidence on the objections to the motion to dismiss, which consisted of stipulations with reference to the various annexation ordinances, and a map outlining the limits of the proposed territory to be annexed under each of the ordinances. The remonstrators, appelants herein, thereupon offered evidence of the organization of a group to oppose the annexation, the raising of money for that purpose "in excess of $2600.00," the house-to-house canvass, work in securing signatures and in locating nonresident owners, and various other details in connection therewith, all of which evidence, upon objection, was excluded by the court and is set up as claimed error in the motion for new trial. The appellants also called the Mayor of the City of Bloomington to the stand for the purpose of inquiring "Is it the program of your city administration to deal any differently with Ordinance No. 17 than was done with Ordinance No. 4?", to which the City objected, and the court sustained this objection. The exclusion of this evidence is also set up as a specification in the motion for new trial. The court granted the motion to dismiss. The motion for a new

trial also contained the specifications that the decision of the court is not sustained by sufficient evidence and is contrary to law. The motion for new trial was overruled and this appeal followed.

The Statute provides after an appeal and decision by the court on remonstrances filed in an annexation proceeding:

" . . . In case the decision is adverse to such annexation, no further annexation proceedings for such territory shall be lawful for two (2) years after the rendition of such judgment; . . ." Burns' 1950 Repl., §48-702.

The main question presented here is whether or not, during an annexation appeal to a trial court as provided by statute, the City, for the sole purpose of frustrating future remonstrances, can repeal its annexation ordinance and thereby require a dismissal of the appeal and then, having accomplished its purpose, shortly thereafter reenact the same or a substantially similar ordinance of annexation, compelling those opposing the annexation ordinance to go out again at great expense and work and prepare a second and subsequent remonstrance in order to secure a hearing on the merits of annexation in the trial court.

It cannot be denied that the necessity of securing such a large number of remonstrances is quite a burden, particularly where the area involved is large, as in this case. If the City can indulge in such tactics one time, it can do it successively, thereby discouraging and defeating the remonstrators by indirect and vexatious means, rather than on the merits. Such procedure makes the law appear absurd and subjects it to ridicule. The statute intended to avoid such unfair practice by providing that if an annexation proceeding was defeated once, it could not be renewed for a period of

two years. If such a provision has any meaning, it would include any attempt to cover substantially the same territory a second time after it has been defeated the first time.

If it be said the power of the City Council to annex is legislative, we must recognize at the same time that it has been limited by statute, and a court has a right to inquire into whether or not those limitations have been violated by the City Council.

> "Annexation is a legislative function and does not become a judicial question except on review as provided by statute." *City of Indianapolis* v. *Wynn et al.* (1959), 239 Ind. 567, 157 N. E. 2d 828, 832.

In *Forsyth* v. *Hammond* (1897), 166 U. S. 506, 17 S. Ct. 665, 41 L. Ed. 1095, at page 1099, the United States Supreme Court, in considering the authority of a City Council in Indiana to annex certain territory, said:

> "That question certainly is one of a judicial nature. Now, it is no less a judicial function to consider whether those proceedings and that decree were valid and effective, and determine that they were and operated to annex plaintiff's territory to the city, than to enter upon a like consideration and determine that they were invalid and ineffective to make such annexation."

In the case before us the legislature has seen fit to limit the City Council's absolute authority to annex territory by providing for remonstrances, by setting up certain determinants, and by providing in case of an adverse decision the Council cannot within two years institute another annexation proceeding for the same territory. These are limitations upon the so-called delegated legislative authoriity of the City Council. The courts have a duty, (as in all actions of administrative bodies), to determine whether or not the Council has violated its limitations,

exceeded its authority, or in any other manner has attempted to evade and circumvent the plain intent and meaning of the statutory limitations.

In *State ex rel. City of Marion et al.* v. *Grant Cir. Ct.* (1959), 239 Ind. 315, 157 N. E. 2d 188, at page 190, we said:

> "It matters not-that in this case the legislature has delegated the authority to the city council to fix sewage disposal rates instead of delegating such power to a commission or administrative agency. The right of a party to a judicial review in a proper case cannot be denied simply because of the nature of the agency or instrumentality to whom the legislature has delegated the rate making function."

The appellee, City of Bloomington, relies upon the case of *Vesenmeir, et al.* v. *City of Aurora* (1953), 232 Ind. 628, 115 N. E. 2d 734, for the legality of its actions and procedure in this case.

The appellants say: "This court's opinion in *Vesen-Meir, et al.* v. *City of Aurora, etc.* (1953), 232 Ind. 628, 115 N. E. 2d 734 is controlling. The facts in that case are identical to those at bar."

There is language in this case that does give the appellee some comfort and support, but some of the language is hardly pertinent and authoritative as to the narrow issue there determined. The question in that case was confined merely to the right of a city to repeal an annexation ordinance and enact another ordinance reducing the territory to be annexed while remonstrances were pending against the first ordinance, whereas in this case, the subsequent ordinance purported to annex substantially the same territory. Also, in that case no issue was raised therein that such action by the City created a *hardship upon the remonstrants* or appellants, because of their great number and the difficulty of again preparing remon-

strances in the short time for a second appeal. Furthermore, there was no allegation in the pleading, nor in any supplemental complaint filed, so far as that decision shows, that such repeal and reenactment was designedly vexatious and for the purpose of wearing down and making it difficult, if not impossible, for the remonstrators to continue opposition against repeated actions of that character by the City. In other words, the issues presented here were not involved in that case.

The related facts in the Vesenmeir Case and this case are somewhat different. The statute at that time permitted a remonstrance to be filed *by only one person*. Thus no hardship case could exist in that respect. The facts have changed since the opinion in the Vesenmeir Case. In 1955 the legislature amended the annexation statute in question providing that a remonstrance for a hearing on the merits must be filed by a majority of the owners of the area proposed to be annexed or the owners of more than 75% in assessed valuation of such property. This amendment creates a considerable difference in the burden cast upon the remonstrators in order to get a hearing on the merits of the annexation in court.

The issue before us arises out of this amendment to the Act, which was not in existence when the Vesenmeir Case was decided. Therefore, some of the language and reasoning in the Vesenmeir Case would not be pertinent nor logical here. In the light of such changed legislation, we question the applicability of the language which states the City should have the power to repeal an annexation ordinance at any time (even though an appeal is pending therefrom in a trial court) and reenact substantially the same ordinance thereafter for the purpose of correcting a mistake in

description or errors in judgment, on the reasoning that the City would be forced to "persevere in its error for the sole purpose of affording the court an opportunity to put an end to a proceeding which had already been abandoned."

Under the allegations in the appeal before us, 2478 remonstrators and property owners should not be made the victims and suffer the consequences as a result of a "mistake" of the City as referred to in the Vesenmeir Case. In that case only one person was necessary to remonstrate against the second ordinance. That is not the situation in the case before us.

With the immense burden and expense cast upon the remonstrators by the recent amendment to the Annexation Act, it is much wiser and more prudent that the City be required to exercise more care in the drafting of its ordinances in the first instance or suffer the consequences of its own errors and mistakes, rather than visit them upon those innocent of such errors.

Any errors in the territory or boundary may be corrected after the annexation ordinance has been finally approved and a review of proceedings in the trial court. This can be done by separate annexation proceeding for any additional separate territory desired to be included, or a separate disannexation proceeding for any territory inadvertently or unwisely included in the original annexation proceedings. Such a rule is wiser and fairer to all parties concerned under the facts.

The Vesenmeir Case says that a remonstrator is in the same position as a defendant against whom a proceeding or action is brought. Assuming then, that appellants were in the situation of a defendant below, if it is shown that a defendant prepares at considerable time and expense to defend

and the action is then dismissed for the avowed purpose of repeatedly filing like actions to harass and wear down the defendant without giving him an opportunity to adjudicate and settle the issues on the merits, equity has a remedy. It will prevent such unfair tactics of wearing down and exhausting oppositions and avoiding a trial on the merits. The principle is invoked to prevent vexatious litigation, multiplicities of suits, or circuity of actions. Equity will not suffer a wrong without a remedy. 1 Pomeroy's Equity Jurisprudence, 5th Ed. (Symons), sec. 261 j., p. 551; 28 Am. Jur., Injunctions, sec. 50-52, pp. 247-248; 43 C. J. S., Injunctions, sec. 39, p. 479.

*Haines* v. *Trueblood* (1917), 67 Ind. App. 456, 466, 119 N. E. 383, involved a statute which authorized landowners to petition for a drain and provided that two-thirds of the affected landowners could remonstrate in writing, and in such event the proposed proceeding should be dismissed. In that case successive petitions were filed and dismissed each time the required number of remonstrances were filed. Thereupon a complaint by the remonstrators was filed alleging the hardship which was imposed upon them by the tactics of the petitioners in an attempt to wear them down and overcome their opposition. The complaint prayed for an injunction. The trial court denied the request, which was reversed on appeal, the court saying:

> "Likewise equity may frequently be invoked to prevent a multiplicity of suits (authorities), or for the purpose of suppressing litigation when otherwise there would be actions at law unnecessarily or burdensomely numerous. (Authorities.)
>
> "These principles seem to be applicable to the situation here. The successive filing of the petition for drainage under the circumstances presented by

the complaint, rendering necessary the repeated preparation and filing of remonstrances, unless the landowners abandon a statutory right, and especially in view of the declared purpose to continue the filing of such petition as often as it meets with an enforced dismissal, and until all opposition is destroyed, presents a case of multiplicity in legal procedure at once irritating, annoying and vexatious, and apparently unjustifiably so, in a high degree." *Shevalier* v. *Stephenson* (1912), 92 Nebr. 675, 139 N. W. 233; *Kitts* v. *Willson* (1883), 89 Ind. 95; *Carrothers* v. *Carrothers* (1886), 107 Ind. 530, 8 N. E. 563.

The legislative intent to protect against the evils and mischief of such harassment is apparent by the enactment of the provision in the statute that in case the decision is adverse to annexation on appeal, there shall be no further proceedings for such territory for two years thereafter. With this legislative enactment before us, the issues presented on the motion to dismiss with the objections thereto were not moot. Likewise, the issues set up in the supplemental complaint by reason of events which occurred after the filing of the original complaint were germane to the subject matter of that original pleading. The appellants were entitled by their supplemental complaint to the protection against the mischief and evils which the legislative provision gave them. The issue was not moot by reason of the repeal of the first ordinance of annexation. Upon the enactment of the subsequent ordinances, a real issue arose as set up in the supplemental complaint. Burns' 1946 Repl. §2-1072. (See: *City of Indianapolis etc.* v. *Wynn et al.* (1959), 239 Ind. 567, 157 N. E. 2d 828, where a declaratory judgment was asked by supplemental complaint in an annexation appeal.)

The issues raised by the objections to the motion to dismiss and those tendered under the supplemental

complaint are issues of fact to be determined by the trial court, namely, whether or not the City, by its alleged actions, created a hardship on the remonstrators by alleged harassment and vexatious proceedings in order to wear down the opposition; whether or not the successive ordinances for annexation are the same or are substantially the same annexation ordinances; and finally, whether or not the primary determinants exist for annexation, as fixed by the statute. Burns' 1950 Repl. §48-702.

The court therefore erred in rejecting tendered evidence upon these issues.

We point out the supplemental complaint asks, among other relief, that an injunction issue against the enactment and enforcement of the subsequent annexations, including Ordinances No. 13 and No. 17 for a period of two years.

Since the required number of remonstrances under the statute does not end or kill the annexation proceeding, but merely entitles such opposition to a hearing on the merits of the annexation in accordance with the determinants set up in the statute, it would not be proper for an injunction to be granted unless there was a finding adverse to the City on that issue also.

The appellants are entitled to a hearing on the merits of their objections to the motion to dismiss and to the issues joined on the supplemental complaint. If the appellants are sustained therein, then the court should proceed to hear the statutory appeal on the merits of the determinants, as set forth in the Annexation Act, for the purpose of determining whether or not an injunction should issue against any further annexation proceedings for such territory during a two-year period. If, however, the issues on the motion to dismiss

and the supplemental complaint or on the existence of the statutory determinants are decided adversely to the appellants and in favor of the City, then the City may proceed with its annexation program by prosecuting and carrying out the enactment of Ordinance No. 17 or any other validly enacted ordinance, subject, however, to statutory review.

The trial court is directed to set aside its order dismissing this action and is directed to grant a new trial, hear the objections on the motion to dismiss and to permit the filing of the supplemental complaint, with further proceedings herein in conformity with this opinion.

Achor, C. J., and Bobbitt, Jackson and Landis, JJ., concur.

NOTE.—Reported in 159 N. E. 2d 563.