IN THE MATTER OF THE PROPOSED SANITARY SEWER, ETC.

[No. 568S72. Filed September 5, 1968.]

*Ruckelshaus, Bobbitt & O'Connor,* of Indianapolis, for appellants.

*John W. Tranberg,* and *Wendell C. Martin,* of Indianapolis, for appellee.

LEWIS, C. J.—This matter comes before this Court on a petition to transfer from the Appellate Court after that Court dismissed the appeal. See *Sanitary Sewer* (1968), 142 Ind. App. 301, 234 N. E. 2d 276. The appeal was dismissed for the reason of the appellants' failure to conform to Supreme Court Rule 2-6 (1967). More specifically, said Rule requires to be named as appellants in the assignment of errors all parties to the judgment seeking relief by the appeal. Petitioners' appeal was only entitled "In the Matter of the Proposed Sanitary Sewer, Between East 77th Street, East 81st Street,

North Graham Road and Old Allisonville Road" and no specific parties were named; only the term "certain property owners" was used. The Court dismissed the appeal on its own motion by a per curiam opinion.

In the petition to transfer, petitioners allege, among other things, that the Appellate Court's decision contravenes a ruling precedent of the Supreme Court in *Jasper & Chicago Motor Express, Inc.* v. *Ziffrin Truck Lines, Inc.* (1961), 241 Ind. 643, 175 N. E. 2d 20. That is, that the failure to list the parties appealing is not jurisdictional and amendment should be allowed.

The opinion in the above case is very brief and applicable; therefore, we quote it in its entirety:

### "ON PETITION TO TRANSFER

"PER CURIAM.—The appellant has petitioned this court for a transfer from the Appellate Court. (cite omitted)

We disapprove the statement in the opinion of the Appellate Court to the effect that the failure to name a party in the assignment of errors is jurisdictional.

Rule 2-6 provides specifically that:

'. . . Failure properly to name parties will not be treated as jurisdictional. Amendments may be permitted upon such terms as the court shall direct.'

However, transfer is denied on the ground that after the appellant's attention was called to the defect in the parties named in the assignment of errors, no application or attempt was made to amend, as provided in the above quoted rule.

The petition to transfer is denied."

However, in the case at bar, petitioners did file a Petition to Reinstate or in the Alternative Petition for Rehearing on March 1, 1968, which was within twenty (20) days from the rendition of the Appellate Court's decision.

Appellee-respondent maintains that the attempt to amend was of no effect, however, since Appellants-petitioners' time to perfect their appeal had expired and one may not amend after that period. Appellee cites *Otolski* v. *Estate of Norwicki* (1959), 129 Ind. App. 492, 158 N. E. 2d 296 for this proposition. However, in *Haney* v. *Estate of Denny* (1963), 135 Ind. App. 317, 183 N. E. 2d 346, the following statement appears:

"It seems to us that it is not asking too much of an appellant to require that he name in his assignment of errors the necessary parties to the judgment appealed from, as provided in said Rule 2-6. If the parties are numerous and the suit is brought or defended as a class action, the ruling of the Supreme Court in *King et al.* v. *City of Bloomington* (1959), 239 Ind. 548, 159 N. E. 2d 563, should be followed. If by inadvertence, mistake, clerical error, or other excusable cause, properly made evident by appellant's verified petition, it appears that the name of a necessary party does not appear in the assignment of errors, and the appellant has proceeded promptly after learning or becoming cognizant of such omission, we think the court of appeal has the inherent power to authorize the appellant, upon due notice given by him to the opposing parties or their attorneys of record, to amend the assignment of errors by naming the omitted party in such assignment of errors. Since the Supreme Court has determined, see the *Ziffrin* case (175 N. E. 2d 20), *supra,* that the failure to name a party in the assignment of errors is not jurisdictional, it would seem logical to follow that the time for the filing of an application to amend the assignment of errors, in respect to the parties, should be determined not by the expiration of the time allowed for the perfection of the appeal but by the circumstances of the particular case and the good faith of and promptness of action by the appellant as exhibited by the allegations of his verified petition or application for the right to amend."

In the case *King et al.* v. *City of Bloomington, supra,* the appellant, in a class action, listed himself as plaintiff on behalf of the other interested parties. It is true that in the case at bar the petitioners did not do this; however, we find no record of this being challenged at the trial-court level. *King* v. *Bloomington, supra,* also contains this statement:

"For the reasons stated, it is too late here for the appellee to raise any question as to a defect or failure to properly name parties in the assignment of errors, which could have been called to the attention of the parties in the trial court below, as revealed by the complaint filed therein. The motion to dismiss is overruled."

Therefore, we come to the conclusion that the petitioners' appeal should be reinstated in the Appellate Court and petitioners given an opportunity to amend their petition in order to conform to Rule 2-6. The failure to name parties is not jurisdictional; however, Rule 2-6, *supra,* still requires an assignment of errors. The rule does not dispense with the necessity of naming parties, but under the proper circumstances this defect may be cured by amendment, even after the time has expired to perfect an appeal, if it falls within the doctrine as stated in *Haney* v. *Denny, supra.*

In the petition to this Court, counsel for the petitioners frankly admitted that he did not know the proper procedure for filing the assignment of errors in pursuit of the remedy under Burns' Indiana Statutes, Anno., (1963 Repl.), § 48-4012. However, when confronted with the Appellate Court's dismissal he promptly made an attempt to conform to Rule 2-6, *supra.*

Rule 2-6, *supra,* is a procedural rule for perfecting an appeal to an appellate tribunal and, therefore, should be adhered to. We do not approve the appellants' failure to properly perfect the appeal. We do, however, reassign this cause to the Appellate Court to be re-docketed and hold that a proper order be issued out of that court giving appellants a reasonable time to correct the deficiencies under Rule 2-6 of this Court.

Arterburn, Hunter and Jackson, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 239 N. E. 2d 702.