ROBERT W. WEBB AND PATRICIA L. WEBB *v.* CITY OF BLOOMINGTON.

[No. 1-673A123. Filed January 30, 1974. Rehearing denied March 28, 1974. Transfer denied June 18, 1974.]

*Hickam & Hickam,* of Spencer, for appellants.

*Lawrence J. Owens,* City Attorney, of Bloomington, *James R. Regester,* Corporate Counsel, of Bloomington, *John M. Price, Grace M. Curry, Bingham Summers Welsh & Spilman,* of Indianapolis, for appellees.

ROBERTSON, P.J.—The plaintiffs-appellants (hereinafter collectively referred to as Webb) were remonstrators of a purported annexation resulting from passage of Ordinance 67-5 by the city council of the defendant-appellee (City). The trial court phase of this litigation was terminated when the City's motion to dismiss was granted by the trial judge after Ordinance 67-5 was repealed.

A summary of the issues raised in Webb's overruled motion to correct errors alleges that there was error in failing to grant either of two motions for summary judgment; there was error in dismissing the cause of action (including a finding against Webb on their supplemental complaint and second supplemental complaint) ; and, error in not granting a new trial because of newly discovered evidence relative to harassment by the City. It may be pertinent to observe that Webb's ultimate legal objective is to secure the injunctive relief authorized by Ind. Ann. Stat. § 48-702 (Burns 1963)[1] which prohibits further annexation of the territory involved for two years. Early in 1967 the City passed Ordinance 67-5 providing for the annexation of approximately 4000

---

1. Since repealed, but still applicable to litigation pending prior to January 1, 1970.

acres west of the then corporate limits of Bloomington. An exhibit shows the territory as being irregular in shape with maximum dimensions being about five miles north-south and about two and half miles east-west. The north-east corner of the annexed territory abutted the corporate limits for about 300 feet as did another portion of the east side of the annexed territory for approximately 1700 feet about midway on the north-south axis of the western city limits. An irregular area of about 400 acres was surrounded, neither annexed nor in the city, by the aforementioned abutting lines. A highway and two tracts previously annexed are surrounded by the territory described in Ordinance 67-5.

Passage of Ordinance 67-5 generated considerable activity on the part of three major industries, whose property was included in the annexation, in mustering opposition and the subsequent remonstrance.

A chronology of events helpful to understanding the appeal is as follows:

24 Jul. '67—Remonstrance filed

1 Aug. '67—Sufficiency determined

30 Aug. '67—City files answer in admission and denial. (An agreed upon hiatus accounts for a portion of the period of inactivity subsequent to the city's answer. The parties awaited the appellate disposition of another remonstrance. Transfer was denied in that case on 1 April, 1969.)

17 Jan. '72—City files motion to dismiss for want of prosecution.

28 Jan. '72—Webb files objections to City's motion to dismiss.

20 Mar. '72—Motion to dismiss overruled. Webb files motion for summary judgment.

29 Mar. '72—Webb's motion for summary judgment overruled.

6 Apr. '72—City Council repeals Ordinance 67-5.

11 Apr. '72—City files motion to dismissal because the question is now "moot".

24 Apr. '72—Webb files "Plaintiff's Objections to a Dismissal if Without Prejudice;" "Supplemental Complaint to Declare Ordinances Invalid and for Injunction;" and a "Supplemental Motion for Summary Judgment."

27 Jun. '72—Webb files "Second Supplemental Complaint."

27 Dec. '72—Cause submitted.

4 Jan. '73—The pertinent part of the trial court's ruling read:

". . . the Court now finds for the [City] on its motion to dismiss and against [Webb] on their objections to a dismissal if without prejudice, supplemental motion for summary judgment, supplemental complaint to declare ordinance invalid and for injunction, and second supplemental complaint. The Court finds that there is no harassment or intention by [City] to wear down the remonstrators herein by the repeal of Ordinance 67-5 and that [City's] motion to dismiss should be sustained; that [Webb's] should take nothing by their objections, motions and complaints. . . ."

Webb's first motion for summary judgment alleged that there was no genuine issue of material fact that the lines of annexation were not drawn "to form a compact area abutting the municipality". A compact area abutting the municipality was one of the six primary determinants required by Ind. Ann. Stat. § 48-702 (Burns 1963). Its absence would defeat annexation. In support of the motion for summary judgment Webb relied upon the published deposition of the City Engineer and the pleadings. City opposed the motion by a memorandum and reliance, in part, on the same deposition.

We believe the trial court's overruling of this motion for summary judgment to be correct. The area appears to meet both the "compact" and "abutting" requirements when viewed as illustrated in the exhibits and as defined by *City of Indianapolis* v. *Pollard* (1960), 241 Ind. 66, 169 N.E.2d 405. If it did not meet these requirements then a material fact issue existed. Moreover, assuming the trial judge had access to the decision in *Reafsnyder* v. *City of Warsaw* (1973), 155 Ind. App. 455, 293 N.E.2d 540, a more substantial genuine issue of material fact existed because of the failure of the

materials presented, both for and against summary judgment, in proving subterfuge, superficiality, or pretexts of extending municipal boundaries. Webb argues that the relatively small percentage of annexed territory abutting the city limits is indicative of City's failure to comply with the compact and abutting determinant. We have found no case law authority for a mathematical computation on what is required in the way of abutting boundaries.[2] Since each case must be judged on its merits (see: *Abell* v. *City of Seymour* [1971], 150 Ind. App. 163, 275 N.E.2d 547) the trial court was justified on requiring evidence on the question.

The basis of Webb's supplemental motion for summary judgment was:

"... there is no genuine issue as to the fact that Ordinance Number 67-5 is not a valid and existing ordinance, which is a material fact, and, therefore, annexation shall not take place as provided by Section 48-702 Burns 1963 Replacement, and the plaintiffs are entitled to a judgment as a matter of law."

The City did not file opposing materials.

Repeal of the existing ordinance renders moot (with the exception of questions regarding harassment) the cause of the controversy with dismissal being the appropriate judicial reaction. *Vesenmeir, et al.* v. *City of Aurora* (1953), 232 Ind. 628, 115 N.E.2d 734; *Munchel* v. *City of Batesville* (1961), 131 Ind. App. 640, 174 N.E.2d 344.

Webb advances the proposition that the introduction of summary judgment, via TR. 56 and its statutory predecessor, supercedes prior law somewhat by allowing that remedy as opposed to the traditional dismissal. Webb relies on that part of TR. 56(C) which reads: "The judgment sought *shall be rendered. . . .*" (Webb's emphasis.) It is pertinent to observe that TR. 56(C) also provides:

2. After January 1, 1970, ⅛ of the aggregate external boundaries of the annexed territory must coincide with existing boundaries. Ind. Ann. Stat. § 48-722(b) (Burns 1973.)

"Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits. . . ."

And TR. 56(E) provides:

"If [the adverse party] does not so respond, summary judgment, *if appropriate,* shall be entered against him." (Our emphasis.)

Our reading of TR. 56, when taken as a whole, appears to anticipate a judgment on the merits on some or all of the issues of the case. We are of the opinion that such action is not appropriate from a legal standpoint in the absence of a justiciable issue.

Concurrent with the foregoing is a consideration of the propriety of dismissing the remonstrance. TR. 41 contains authority for dismissals. Webb argues that TR 41(A) (voluntary dismissals) and (B) (involuntary dismissals) place control of dismissals in the hands of the plaintiffs. Since they, as plaintiffs, did not move for a dismissal, the action is not appropriate. *Vesenmeir et al.* v. *City of Aurora, supra,* after stating that the applicability of the rules of civil procedure is uncertain in a remonstrance, continues:

"This is not a matter wherein the [remonstrators] asserted a cause of action which they were undertaking to pursue. The remonstrance here asserts a defense—not a cause of action." 115 N.E.2d at 738.

See also *City of Indianapolis* v. *Wynn* (1959), 239 Ind. 567, 157 N.E.2d 828.

The absence of a litigable claim is fatal. TR. 8 requires the plaintiff to state a claim for relief. TR. 12(B)(6) states that the failure to do so makes the cause subject to dismissal. TR. 41(E) sanctions dismissal where, among other things, there has been a failure to comply with "these" rules, which we deem to embrace TR. 8 and TR. 12. The fact that the cause for dismissal arises subsequent to the commencement of the remonstrance does not

effect what we believe to be the court's inherent power to dismiss in the absence of a justiciable issue.

The next assignment of error groups three propositions. These are:

1. The court erred in not providing in its judgment of dismissal that the annexation should not take place as provided in Ind. Ann. Stat. § 48-702 (Burns 1967).
2. The court erred in its finding against the remonstrators on their supplemental and second supplemental complaints; and
3. The supplemental and second supplemental complaints questioned the legality of subsequent annexations of territory covered by Ordinance 67-5, therefore it was error to not declare those ordinances invalid and grant the injunction.

By way of additional facts, the City had annexed parcels of territory included in Ordinance 67-5 subsequent to its passage and during the pendency of this litigation. Webb's supplemental complaint sought a judicial declaration that Ordinance 67-5 was invalid and the two year injunctive relief against further annexation attempts. The second supplemental complaint sought to have the subsequent annexation ordinance dealing with the parcels covered by Ordinance 67-5 declared invalid as an arbitrary capricious, and unreasonable exercise of legislative powers by the city council and injunctive relief.

A major consideration by the Indiana Supreme Court in remanding *King* v. *City of Bloomington* (1959), 239 Ind. 548, 159 N.E.2d 563, was the substantial efforts required of the remonstrators in defending against annexations of a large area containing numerous landowners. Justice Arterburn summarized the problem by saying:

"It cannot be denied that the necessity of securing such a large number of remonstrances is quite a burden, particularly where the area involved is large, as in this case. If the city can indulge in such tactics one time, it can do it successively, thereby discouraging and defeating the remonstrators by indirect and vexatious means, rather than on the merit." 159 N.E.2d at 568, 569.

Webb's proof directed to the question of harassment consisted of testimony regarding the major effort made to remonstrate the Ordinance 67-5 annexation as well as the city's policy on future annexations. Under the facts of the instant case, the trial judge could have properly inferred that the harassment problem was substantially diminished because the parcels under the subsequent annexing ordinances were much smaller, some having only one owner, thereby removing the burdens of remonstrating in a massive annexation.

A keystone to Webb's argument in support of this specification also rests upon the nonavailability of dismissal. We have already rejected this position in deciding the propriety of denying Webb's supplemental motion for summary judgment. Webb argues that there is no statutory basis for dismissal of a remonstrance and that the "new" rules apply. We find no fault with these propositions, and, in fact, believe they serve to substantiate the applicability of TR. 41 (E) to the instant case.

Webb's further argument that they are entitled to a decision on the merits presumes a justiciable issue. That ingredient is here lacking. In the same vein we find no error in denying the sought after injunction. The availability of this relief (excluding harassment questions) depends upon a hearing on the merits regarding the six primary determinants. *King* v. *City of Bloomington, supra.* Nor was the City required to respond to Webb's supplemental pleadings in the absence of the court ordering such response. See TR. 15 (D).

We are of the further opinion that Webb received the necessary hearing on their pleadings, as outlined in *King* v. *City of Bloomington, supra,* with a resulting decision adverse to them. To find otherwise would require us to weigh the evidence which is beyond our province.

The newly discovered evidence which Webb says entitles them to a new trial is the haste that the City attempted to

put those newly annexed territories already covered by Ordinance 67-5 on the tax rolls. We do not view this to be out of the ordinary when a city proceeds in a manner sanctioned by law. In any event the trial court could have found the evidence to be cumulative and not likely to change its prior decision.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 306 N.E.2d 382.