**Melvin A. BROWNING,**
**Appellant–Plaintiff,**

v.

**Bayard H. WALTERS and Great**
**Country Communications, Inc.,**
**Appellees–Defendants.**

No. 77A01–9207–CV–214.

Court of Appeals of Indiana,
First District.

Sept. 7, 1993.

Robert F. Hellman, Hellman, Cook & Alexander, Terre Haute, for appellant-plaintiff.

Michael H. Hagedorn, Tell City, for Great Country Communications, Inc.

David D. Haynes, Terre Haute, for Bayard H. Walters.

## ON PETITION FOR REHEARING

NAJAM, Judge.

Melvin Browning petitions this court for rehearing after our opinion in which we affirmed the trial court's dismissal of Browning's complaint. *See Browning v. Walters* (1993), Ind.App., 616 N.E.2d 1040. For the reasons stated below, we grant Browning's petition in part and deny it in part. On rehearing, we address the following issues:

1. Whether Browning's Reply Brief was timely filed.

2. Whether the failure to verify a derivative action complaint as required by Trial Rule 23.1 is a jurisdictional defect.

3. Whether the trial court erred by dismissing Browning's derivative action complaint with prejudice for Browning's failure to verify his complaint as required by Trial Rule 23.1.

### Issue One: Timeliness of Reply Brief

Browning first contends we erred when we noted that his Reply Brief was untimely filed and declined to consider it. In determining that Browning's Reply Brief was not timely filed, we relied upon our Clerk's docket sheet entry and file mark which both disclosed that Great Country's Brief of Appellee was filed on October 28, 1992. Thus, when Browning's Reply Brief was presented to the Clerk on November 19, 1992, it was stamped "received" rather than "filed" because it appeared to have been untimely filed.

When an appellate brief is served upon the opposing party by mail, the time period for filing an answer or reply brief is extended for an additional five days from the date of such deposit in the United States Mail. *See* Appellate Rule 12(D). In such a case, the brief is deemed filed on the date of mailing, and the Clerk retains physical possession of the postmark taken from the envelope as evidence of when the brief was mailed.

In response to Browning's Petition, we have requested and examined the Clerk's file, including the postmark, and find that an error was made on the Clerk's docket sheet, that the Brief of Appellee was in fact mailed on October 30, 1992, and that Browning's Reply Brief was timely filed within 20 days thereafter. Accordingly, we have considered Browning's Reply Brief on rehearing.

### Issue Two: Jurisdiction

Browning next claims we erred when we concluded that his failure to verify his derivative action complaint was a defect which deprived the trial court of jurisdiction. Browning contends that our reliance on *Gary Community Mental Health Center, Inc. v. Indiana Department of Public Welfare* (1986), Ind.App., 496 N.E.2d 1345, for that proposition is misplaced because verification is jurisdictional only when the plaintiff is seeking a statutory remedy which requires it. *See id.* at 1346 (discussing verification requirement for petition for review of administrative determination un-

der Administrative Adjudication Act). We need not decide whether the rule from *Gary Community Mental Health Center* applies only to circumstances in which the plaintiff seeks a statutory remedy. For the reasons stated below, we reaffirm our opinion that the trial court did not have jurisdiction in this particular case to entertain Browning's unverified derivative action complaint.

## A. Jurisdiction Over the Particular Case

In his petition for rehearing, Browning contends that we erroneously determined that "failure to verify a derivative action complaint under Trial Rule 23.1 deprives the trial court of subject matter jurisdiction." Brief of Appellant for Rehearing at 12. That was not our holding. Great Country did not file, and the trial court did not grant, a motion to dismiss under Trial Rule 12(B)(1) for lack of subject-matter jurisdiction. We did not hold that the trial court lacked subject-matter jurisdiction. We held that Browning failed to cure the jurisdictional defect in his complaint.

Browning misconstrues the term "jurisdiction" as used in our opinion. Jurisdiction is comprised of three elements: (1) jurisdiction of the subject matter; (2) jurisdiction of the person; and (3) jurisdiction of the particular case. *Harp v. Indiana Department of Highways* (1992), Ind.App., 585 N.E.2d 652, 659. Jurisdiction of the particular case means " 'the right, authority, and power to hear and determine a *specific case* within that class of cases over which a court has subject matter jurisdiction.' " *Id.* (original emphasis) (quoting *City of Marion v. Antrobus* (1983), Ind. App., 448 N.E.2d 325, 329). A court can have subject-matter jurisdiction over a class of cases and not have jurisdiction over a particular case due to the facts of that case. *Id.* A party's failure to comply with the Trial Rules can affect the trial court's jurisdiction over a particular case but not the court's subject-matter jurisdiction. *See id.* at 659 (failure to name proper party in caption of complaint pursuant to Trial Rule 10(A)).

A party may challenge the trial court's jurisdiction of a particular case by making a specific and timely objection. *Id.* at 659–60. The appropriate means for a challenge to the court's jurisdiction over a particular case is a Trial Rule 12(B)(6) motion for failure to state a claim, not a Trial Rule 12(B)(1) motion for lack of subject-matter jurisdiction. *Id.* at 660. Here, Great Country objected to the trial court's jurisdiction to hear this case by filing a motion to dismiss pursuant to Trial Rule 12(B)(6). In its supporting memorandum, Great Country specifically raised Browning's failure to verify his complaint as grounds for dismissal. Great Country properly raised the jurisdictional issue in the trial court, which did not have jurisdiction because Browning never verified his complaint.

## B. Supreme Court's Rule–Making Authority

Browning argues on rehearing that our supreme court does not have the power, pursuant to its rule-making authority, to confer upon or to deprive the trial court of original, subject-matter jurisdiction through the adoption of rules of procedure. We agree. However, as noted above, a party's failure to comply with the Trial Rules, specifically verification under Trial Rule 23.1, concerns a trial court's jurisdiction over a particular case not the court's subject-matter jurisdiction. Our supreme court has the inherent power to establish rules governing the course of litigation in our trial courts. *See* IND.CODE §§ 34–5–1–2 and 34–5–2–1. The Trial Rules adopted by our supreme court have the force and effect of law and the same binding force as any statute. *State v. Lake Circuit Court* (1973), 260 Ind. 73, 76, 292 N.E.2d 596, 598; *Eggers v. Wright* (1969), 253 Ind. 44, 47, 245 N.E.2d 331, 334; *see also* IND.CODE § 34–5–1–6 (legislature adopts and incorporates Trial Rules into Indiana Code).

When a party has failed to comply with a condition precedent to maintaining an action under the Trial Rules, and another party has made a specific and timely objection, a trial court cannot exercise jur-

isdiction over the particular case. *See Harp*, 585 N.E.2d at 660. Despite Browning's contention that the failure to verify a derivative action complaint is merely a technical defect, we hold that the verification required under Trial Rule 23.1 is jurisdictional and that the trial court was without jurisdiction to consider the merits of Browning's unverified complaint.

### Issue Three: Dismissal with Prejudice

In his petition Browning reiterates his argument that the trial court erred when it dismissed his complaint with prejudice for his failure to comply with Trial Rule 23.1. We agree with Browning that lack of a verification can be cured by amendment but again note that Browning failed to amend his complaint to comply with Trial Rule 23.1.

■ Trial Rule 41 provides that a complaint may be dismissed for failure to comply with the Trial Rules, and Browning acknowledges· that pursuant to Trial Rule 41, a trial court may dismiss a complaint which lacks a proper verification.[1] *See* Appellant's Brief at 16. The "failure to comply with these rules" provision found in Trial Rule 41(E) includes the failure to state a claim under Trial Rule 12(B)(6). *See Webb v. City of Bloomington* (1974), 159 Ind.App. 258, 263, 306 N.E.2d 382, 386, *trans. denied.* In this case, Great Country raised Browning's failure to verify his derivative action complaint under Trial Rule 23.1 in its memorandum in support of its Trial Rule 12(B)(6) motion to dismiss. The trial court's order granting Great Country's motion specifically noted that dismissal with prejudice was based on Browning "having failed to comply with Trial Rule 23.1." Record at 187. Great Country's motion to dismiss was a motion made under Trial Rule 12(B)(6) which alleged Trial Rule

41(E) grounds for dismissal by raising Browning's failure to comply with Trial Rule 23.1.

■■■ A dismissal for failure to prosecute or to comply with our Trial Rules pursuant to Trial Rule 41(E) is a dismissal with prejudice unless the trial court provides otherwise. *See Patton Electric Co. v. Gilbert* (1984), Ind.App., 459 N.E.2d 1192, 1194. A trial court is not required to conduct a hearing or to give a party an opportunity to respond before it grants a motion to dismiss under Trial Rule 12(B)(6). *Cobb v. Owens* (1986), Ind., 492 N.E.2d 19, 20. However, when there has been a failure to comply with our Trial Rules, Trial Rule 41(E) requires the court to order a hearing for the purpose of dismissing the case before it can dismiss the action with prejudice. *Rumfelt v. Himes* (1982), Ind., 438 N.E.2d 980, 983.

On March 20, 1991, Great Country raised Browning's failure to verify his derivative action complaint in the brief in support of its motion to dismiss. On August 12, 1991, the court conducted a hearing on Great Country's motion and on March 16, 1992, granted the motion and dismissed Browning's complaint with prejudice. Thus, Browning had almost one year after Great Country first raised the verification issue in which to respond and to correct that defect in his complaint. There is no indication in the record that Browning ever responded to the verification issue, either before or after the court's hearing on Great Country's motion to dismiss. Indeed, over seven months elapsed after the hearing and before the trial court finally ruled in favor of Great Country on its motion to dismiss. Browning had adequate time to amend his complaint.

If Trial Rule 41(E) controlled, we would review the trial court's dismissal of Brown-

---

1. Trial Rule 41(E) states:
 "Whenever there has been a *failure to comply with these rules* or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.
 Ind.Trial Rule 41(E) (emphasis added).

ing's complaint for an abuse of discretion. *See Gibbs v. Douglas M. Grimes, P.C.* (1986), Ind.App., 489 N.E.2d 638, 642. Under that standard, the trial court did not err. In light of Browning's lack of diligence after notice and a hearing on the Trial Rule 23.1 defects in his complaint, we would be obliged to hold that the trial court did not abuse its discretion when it dismissed Browning's complaint with prejudice for his failure to comply with Trial Rule 23.1.

 Nevertheless, on rehearing we have determined that the August 12, 1991, hearing conducted by the trial court was not denominated as a Trial Rule 41(E) hearing for the purpose of dismissing the case with prejudice but as a hearing on Great Country's motion to dismiss under Trial Rule 12(B)(6) for failure to state a claim. There is no reference to Trial Rule 41(E) in the record in any motion or notice of hearing. Where, as here, there is no indication that the hearing was scheduled as a Trial Rule 41(E) hearing, the specific provisions of Trial Rule 12(B)(6) allowing amendment of the complaint once as of right must control over the general provisions of Trial Rule 41(E) authorizing dismissal with prejudice for failure to comply with the Trial Rules. *See Rumfelt,* 438 N.E.2d at 983–84. Thus, we conclude that the trial court properly granted Great Country's motion to dismiss but should have allowed Browning ten days after sustaining the motion to amend his complaint to comply with Trial Rule 23.1.

We emphasize that the trial court correctly dismissed Browning's claims with prejudice based on his failure to commence his action within the two-year statute of limitations and his failure to state a common law cause of action. *See Browning v. Walters* 616 N.E.2d at 1045, 1047 (Issues *Two* and *Three*). We hereby reaffirm those parts of our original opinion.

### CONCLUSION

Browning's petition for rehearing is granted to the extent that Browning shall be allowed ten days after the trial court has received a certified copy of this opinion on rehearing to amend his shareholder's derivative action complaint to comply with Trial Rule 23.1. In all other respects, Browning's petition for rehearing is denied.

Petition for rehearing granted in part and denied in part.

SHARPNACK, C.J., and BAKER, J., concur.