JONES ET AL. *v.* THE TOWN OF SUNMAN.

[No. 30,143. Filed April 18, 1962. Rehearing denied June 5, 1962.]

*Virgil J. McCarty, Thomas J. O'Connor* and *McCarty & O'Connor,* of Brookville, for appellants.

*Paul V. Wycoff,* of Batesville, for appellee.

ARTERBURN, J.—On March 30, 1960, the Board of Trustees of the Town of Sunman, Indiana, enacted an annexation Ordinance #1-1960 [Acts 1905, ch. 129, §242, p. 219; 1955, ch. 269, §1, p. 720, being Burns' §48-701, 1950 Repl.] which enlarged the boundary lines of the town from an area containing approximately 154 acres to an area containing 225.0 acres more or less.

The areas sought to be annexed were each contiguous with the corporate limits of the Town of Sunman, Indiana, but were not contiguous with each other. Thereafter, on May 12, 1960 a majority of the owners of land sought to be annexed filed their remonstrance and complaint in the Ripley County Circuit Court against the proposed annexation. On April 24, 1961, the Board of Trustees of the Town of Sunman, Indiana, repealed the annexation ordinance

#1-1960 by enacting ordinance #2-1961 and at the same time passed annexation ordinances #3-1961, #4-1961, #5-1961 and #6-1961, which latter ordinances the record discloses embraced the same territory as the total area described, and contained in the original annexation ordinance #1-1960.

Thereafter, on May 18, 1961, the defendant (appellee herein) filed in the Ripley Circuit Court a motion to dismiss the cause of action, which motion was sustained the same day. On June 2, 1961 the remonstrators (appellants herein) filed with the court a "Motion to Re-Instate Cause or Amend Dismissal in the Alternative", which motion was sustained, and the Order of May 18, 1961, dismissing the action was set aside. At the time of filing the motion the remonstrators also filed with the court "Objections to Motion to Dismiss Cause of Action and Prayer for Dismissal with order Prohibiting Annexation or Finding against said Town." The motion alleged that the town should not be permitted to dismiss the annexation proceeding for the reason that it had enacted subsequent ordinances for that purpose covering the same territory and the city was engaged in harassment, which placed a great burden on the remonstrators. Thereafter, the court heard the objections, the testimony thereon and overruled the remonstrators' objections, sustaining appellee-town's motion to dismiss.

There was very little evidence, if any, offered on the question of harassment. The appellants in their brief, state:

> "The record shows nowhere that the town openly and avowedly, in the sense of oral or written admissions, indicated they were being vindictive or harassing the land owners with the hope that the remonstrances would be dropped or not

filed, but the Court need not look further than the record to realize that the Town of Sunman was purposely attempting to avoid a trial on the merits by its repeal of the original annexation statute, and its immediate passage of four annexation ordinances."

The evidence showed the Town of Sunman in one annexation ordinance attempted to include four separate tracts, each of which adjoined the corporate boundaries, but none of which tracts were contiguous with each other. We held, in *City of Indianapolis* v. *Pollard* (1960), 241 Ind. 66, 169 N. E. 2d 405 that under the wording of the statute in question, the area proposed to be annexed must be "a compact area" and not separate areas. The appellee-town, upon the rendition of the opinion in the above case, came to the conclusion that its annexation ordinance would be held invalid unless a separate annexation ordinance and proceeding was begun as to each noncontiguous area proposed to be annexed. Upon the correctness of such conclusion we express no opinion. The town accordingly asked to dismiss the pending proceeding for the purpose of instituting separate proceedings as to each area. The appellant objected to the dismissal, contending that the case of *King* v. *City of Bloomington* (1959), 239 Ind. 548, 159 N. E. 2d 563, was applicable.

As pointed out in the case of *King* v. *City of Bloomington, supra,* the remonstrators have a right to be heard upon the issue of whether or not the second or subsequent proceedings constitute harassment by the city. If the court finds, after a hearing on the motion to dismiss, that there is no harassment or intention to wear down the remonstrators, the court has the discretion to sustain

the motion to dismiss. We said in the latter case: (pp. 566-67)

"If, however, the issues on the motion to dismiss and the supplemental complaint or on the existence of the statutory determinants are decided adversely to the appellants and in favor of the City, then the City may proceed with its annexation program by prosecuting and carrying out the enactment of Ordinance No. 17 or any other validly enacted ordinance, subject, however, to statutory review."

The court in the appeal before us heard the issues raised under the motion to dismiss and found against the appellants, namely, that there was a failure of proof to support the allegations of harassment of the remonstrators and that the purpose of dismissal was not for that reason. This is a question of fact which is solely within the province of the trial court to determine, and we have no occasion nor right upon appeal to review such a finding, if supported by substantial evidence and there is no abuse of discretion.

On authority of *King* v. *City of Bloomington, supra,* the judgment of the trial court is affirmed.

Achor, C. J., Bobbitt and Landis, JJ., concur.

Jackson, J., dissents.

NOTE.—Reported in 181 N. E. 2d 777.