RICHARD E. HEWITT, JOYCE A. HEWITT, LLOYD PAUL STOKLEY
*v.* ROBERT J. MILLIS, DONALD G. HENDRICKSON, CARRIE S.
MAY AND VIRGIL S. MAY, PERSONAL REPRESENTATIVE OF THE
ESTATE OF EDWIN J. MAY, DECEASED.

[No. 1-273A31. Filed April 10, 1974. Rehearing denied
May 13, 1974.]

*John L. Carroll, Johnson, Carroll and Griffith,* of Evansville, for appellants.

*Theodore Lockyear,* of Evansville, for appellee Robert J. Millis, *William E. Statham, McCray, Clark, Statham &*

*McCray*, of Evansville, for appellee Donald G. Hendrickson, *Verner P. Partenheimer, Jr., Hall, Partenheimer & Luecking* of Princeton, for appellees Carrie S. May and Virgil S. May, Personal Representative.

LYBROOK, J.—Plaintiffs-appellants, Hewitt, et al., sought damages from defendants-appellees for alleged fraudulent misrepresentation and negligence in the sale of certain realty. From the decision of the trial court granting defendants' motions for summary judgment, Hewitt appeals.

The facts relevant to the issues presented for review are as follows:

On November 27, 1968, plaintiffs Hewitt purchased the subject realty, a 69.6 acre tract of land in Warrick County, from defendants Edwin and Carrie May, through defendant realtor Robert Millis who was also at that time Mayor of the city of Boonville.

Prior to 1966, the Warrick County Plan Commission had denied a petition to rezone the subject realty for mobile home park use. On March 14, 1966, the city of Boonville enacted ordinance No. 1966-9, which purported to annex the subject realty together with a narrow strip of land approximately three-fourths of a mile in length running from the city limits to the subject realty. An appeal was then initiated in the Warrick Circuit Court in remonstrance against the annexation.

Thereafter, on April 7, 1966, the city enacted ordinance No. 1966-13 which repealed ordinance No. 1966-9. On that same date, ordinance No. 1966-11 was enacted which again annexed the subject realty. However, this latter ordinance repositioned the strip of land running from the city limits to the subject realty and did not include land owned by a number of the remonstrators to the previous ordinance.

Subsequently, on August 4, 1966, the city enacted ordinance No. 1966-23 which rezoned the subject realty for mobile home park use. No appeals in remonstrance were filed to ordi-

nances No. 1966-13, No. 1966-11, or No. 1966-23, and the permissible time for filing said appeals expired prior to the sale of the subject realty to the plaintiffs. The appeal to ordinance No. 1966-9 remained pending in the Warrick Circuit Court until March 1, 1972, at which time it was declared moot and dismissed.

After purchasing the property from defendants May in 1968, plaintiffs undertook development of a mobile home park on the subject realty. During the initial stages of construction, they applied for a development loan through the Feleral Housing Authority. Their application was denied due, in part, to the existence of the pending remonstrance to the initial annexation ordinance (No. 1966-9).

Plaintiffs immediately ceased development of the property and initiated the instant action in the Warrick Circuit Court. Following venue of the cause to the Dubois Circuit Court, plaintiffs filed their second amended complaint in two paragraphs. The complaint was premised on the assertion that the existence of the pending remonstrance to ordinance No. 1966-9 raised a serious question concerning the validity of annexing ordinance No. 1966-11 and ordinance No. 1966-23 which purported to zone the subject realty for mobile home park use and that plaintiffs were therefore unable to so use the realty until May 1, 1972, when the remonstrance was dismissed.

Paragraph one alleged generally that vendors May and realtor Millis had fraudulently misrepresented to plaintiffs that the subject realty was properly and finally approved for mobile home use and could be so used by plaintiffs when in fact they knew that a serious question existed as to the validity of the annexation and rezoning.

Paragraph two alleged that defendant Hendrickson negligently omitted reference to ordinances No. 1966-9 and No. 1966-13 and the pending remonstrance in the abstract of title for the subject realty which he prepared and delivered to

plaintiffs. It was further alleged that at the time of delivery of the abstract, Hendrickson negligently represented to plaintiffs that the property was properly and finally zoned for mobile home park use or, alternatively that he knew that defendant Millis had made such a representation to plaintiffs but failed to communicate the information known to him that a remonstrance was pending which affected the zoning of the subject realty.

In granting the motions of the several defendants for summary judgment, the court found as a matter of law that at the times of the delivery of the abstract and the transfer of title, the subject realty was duly annexed and zoned for mobile home park use and that there existed no genuine or serious issue or question of material fact as to the zoning or annexation.

The question presented for review in this appeal is whether the trial court erred in granting defendants' motions for summary judgment, pursuant to Ind. Rules of Procedure, Trial Rule 56, which reads in part:

> ". . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." See, *Ross* v. *Farmers Insurance Exchange* (1971), 150 Ind. App. 428, 277 N.E.2d 29; *Doe* v. *Barnett* (1969), 145 Ind. App. 542, 251 N.E. 2d 688.

The central factual dispute before the court was whether defendants informed plaintiffs of the history of the annexation and zoning procedures and the existence of the pending remonstrance. Of course, for purposes of summary judgment, it was incumbent on the court to accept plaintiffs' factual allegations as true.

At the core of plaintiffs' complaint is the assertion that at the time of the transfer of the subject realty, a "serious question" existed concerning the validity of the annexation

and zoning. Upon the undisputed facts of the method and procedure through which the realty was annexed and zoned, the court found as a matter of law that no such "serious question" existed and that the realty was duly annexed and zoned for mobile home purposes as defendants had allegedly represented. We must therefore determine whether the court was correct in this conclusion of law.

Defendants-appellees contend that the remonstrance to the initial annexation was rendered moot upon its repeal and the enactment of the second annexation ordinance. Since no remonstrance was filed to either this second ordinance or the subsequent zoning ordinance within the prescribed statutory period, defendants argue that the subject realty was duly annexed and zoned for mobile home park use when conveyed to the plaintiffs nearly two years later.

Appellees rely on *Vesenmeir* v. *City of Aurora* (1953), 232 Ind. 628, 115 N.E.2d 734. In that case, appellants contested a judgment dismissing a remonstrance filed against the annexation of certain territory to the city of Aurora. The ordinance to which the remonstrance was filed had been repealed by a subsequent ordinance reducing the territory sought to be annexed. Our Supreme Court affirmed the decision of the trial court sustaining the city's motion to dismiss wherein the city had alleged that the issues presented by the remonstrance had become moot. The court said:

"The appellants take the position that: (1) a city has no power at any time to amend or repeal an annexation ordinance which would have the effect of reducing the amount of territory from that originally defined, and (2) even if the city had such power, it would be suspended pending appeal to the circuit court.

\* \* \*

"We find no restriction of the power to modify or repeal ordinance 363 in the law conferring the authority to pass it, and there is no serious contention that repeal would affect any vested rights lawfully acquired thereunder.

\* \* \*

". . . the judgment in this case amounted to a dismissal of appellants' appeal to the circuit court. Where the real controversy involved in an appeal has been removed by the repeal of an ordinance or statute, and the question has, therefore, become moot the appeal will be dismissed. (Citations omitted.)

"The effect of sustaining appellants' contention would be that if the Common Council made a mistake in the description of the property sought to be annexed or made a mistake of judgment, it could not itself correct its mistake by repealing the ordinance even though the ordinance had not yet become operative, but it must persevere in its error for the sole purpose of affording the court an opportunity to put an end to a proceeding which had already been abandoned. The law does not require such an empty ritual."

In the intsant case, plaintiffs-appellants rely on *King et al.* v. *City of Bloomington* (1959), 239 Ind. 548, 159 N.E.2d 563, in support of their contention that the pending remonstrance raised a "serious question" concerning the validity of the annexation and zoning of the subject realty notwithstanding the repeal of the ordinance to which it was filed.

In *King*, a remonstrance was filed to an annexation ordinance which enlarged the boundary lines of the city of Bloomington and increased its area from 3.87 to 15.64 square miles. Shortly thereafter, the City Council enacted a second ordinance repealing the first ordinance and, on the following day, filed a motion to dismiss the remonstrance. The remonstrators filed an objection to the motion alleging that the city intended to enact a new ordinance encompassing substantially the same territory. The city did in fact enact such an ordinance, whereupon the remonstrators requested permission to file a supplemental complaint alleging that the new ordinance was substantially the same as the repealed ordinance and that the city was attempting to harass them.

The supplemental complaint asked that the original annexation be denied and that the city be enjoined from enacting any subsequent ordinance covering the same territory for a two year period pursuant to Ind. Ann. Stat. § 48-702 (Burns 1963). (Repealed, Acts 1969, ch. 239, § 8).

The court denied the request to file such supplemental complaint and, after hearing evidence, granted city's motion to dismiss the remonstrance.

Distinguishing *Vesenmeir* v. *City of Aurora, supra,* our Supreme Court reversed the decision of the trial court and held that the remonstrators were entitled to a hearing on the merits of their objections to the motion to dismiss and to the issues joined on the supplemental complaint. The court reasoned as follows:

> "The legislative intent to protect against the evils and mischief of . . . harassment is apparent by the enactment of the provision in the statute that in case the decision is adverse to annexation on appeal, there shall be no further proceedings for such territory for two years thereafter. With this legislative enactment before us, the issues presented on the motion to dismiss with the objections thereto were not moot. Likewise, the issues set up in the supplemental complaint by reason of events which occurred after the filing of the original complaint were germane to the subject matter of that original pleading. The appellants were entitled by their supplemental complaint to the protection against the mischief and evils which the legislative provision gave them. The issue was not moot by reason of the repeal of the first ordinance of annexation."

Plaintiffs-appellants in the instant case argue that at any time subsequent to the repeal of the first annexation ordinance and the enactment of the second and prior to the dismissal of the remonstrance in 1972, nearly six years later, the remonstrators could have sought permission to file a supplemental complaint alleging that the city's annexation procedures had been designed to harass or wear them down. They further argue that success by the remonstrators on said supplemental complaint would have rendered invalid the second annexation and the rezoning which was contingent thereon. This is the foundation of appellants' contention that, at the time they purchased the subject realty from defendants-appellees, a serious question existed concerning the validity of the annexation and zoning.

It is yet the law that as a general rule, repeal of an existing ordinance renders moot the controversy created by the filing of a remonstrance thereto. This principle was recently reaffirmed by this court in *Webb* v. *City of Bloomington* (1974), 159 Ind. App. 258, 306 N.E.2d 382, wherein Presiding Judge Robertson wrote:

> "Repeal of the existing ordinance renders moot (with the exception of questions regarding harassment) the cause of the controversy with dismissal being the appropriate judicial reaction. Vesenmeir, et al. v. City of Aurora (1953), 232 Ind. 628, 115 N.E.2d 734; Munchel v. City of Batesville (1961), 131 Ind. App. 640, 174 N.E.2d 344."

To that general rule, *King, supra,* fashioned a limited exception intended to prevent a municipality from implementing the rule in a manner designed to harass or wear down its opposition.

In that case, over two thousand owners of land in the territory annexed had joined in the filing of the remonstrance. The course of action pursued by the city would have cast upon those persons the burden of duplicating their efforts in a relatively short frame of time. As reflected in the following excerpt from the opinion, of primary concern to the court was the apparent hardship created by the city's action, given the great number of persons involved:

> "It cannot be denied that the necessity of securing such a large number of remonstrances is quite a burden, particularly where the area involved is large, as in this case. If the city can indulge in such tactics one time, it can do it successively, thereby discouraging and defeating the remonstrators by indirect and vexatious means, rather than on the merit."

In the case at bar, no remonstrance was filed to either the second annexation ordinance or the subsequent ordinance zoning the subject realty for mobile home park use, within the prescribed statutory periods. In our opinion, it would be an undue extension of the *King* exception to allow the remonstrators to the original repealed

annexation ordinance to raise the issue of harassment years later. The exigent circumstances for which the *King* exception was created no longer existed at the time of the sale of the property to the plaintiffs more than two years following the enactment of the second ordinance of annexation. Raising the issue of harassment could no longer serve its purpose of relieving the remonstrators of the burden of filing a remonstrance to the second ordinance of annexation. Absent the existence of the issue of harassment, the issues presented by the pending remonstrance were moot.

We therefore hold that the trial court did not err in concluding as a matter of law that at the times of the delivery of the abstract and the transfer of the subject realty to plaintiffs-appellants, the property was duly annexed and zoned for mobile home park use and that no serious issue or question existed thereto.

An essential element of actionable fraud is the falsity of the alleged representation. *Middelkamp* v. *Hanewich* (1970), 147 Ind. App. 561, 263 N.E.2d 189. Since the alleged representation that the subject realty was properly and finally approved for mobile home use was true, an action for fraud could not be predicated thereon.

Similarly, plaintiffs' allegations of negligence must fail since there could be no duty to make reference to either the repealed annexation ordinance or the moot remonstrance in the abstract of title delivered to plaintiffs.

Defendants-appellees were therefore entitled to judgment as a matter of law and the trial court did not err in granting their various motions for summary judgment.

Affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 309 N.E.2d 162.