Art BESSO and Jeanene Bauer, Individually and as representatives of the owners of certain property annexed by the Town of Porter, Plaintiffs-Appellants,

v.

TOWN OF PORTER, Donald L. Cope, Wendell Green, Richard L. Kaufman, Arthur S. Kipper, William G. Sievert, Individually and as members of the Board of Trustees of the Town of Porter, and Lila L. Hokanson, Individually and as Clerk-Treasurer of the Town of Porter, Defendants-Appellees.

No. 3–481 A 110.

Court of Appeals of Indiana,
Third District.

March 25, 1982.

Kenneth B. Lowenstine, Valparaiso, for plaintiffs-appellants.

Richard A. Mayer, Robin D. Pierce, Spangler, Jennings, Spangler & Dougherty, P. C., Merrillville, for defendants-appellees.

GARRARD, Judge.

This was an annexation proceeding. On July 22, 1978, Ordinance No. 618 was enacted by the Town of Porter annexing certain territory adjacent to the town limits. On September 19, 1978 the appellants (remon-

strators) filed their remonstrance to the ordinance and on August 9, 1979, the Porter Superior Court determined that the remonstrance was sufficient as to the number of landowners necessary. *See* IC 18–5–10–24.

At the 1979 general election a new Board of Town Trustees was elected in Porter. On April 22, 1980, the Town Board enacted Ordinance No. 653 which repealed Ordinance No. 618. It then enacted Ordinance No. 654 which annexed approximately one half the area which had sought to be annexed by Ordinance No. 618.

The town then moved to dismiss the suit brought to remonstrate against Ordinance No. 618 upon grounds that it had become moot. This motion was granted by the trial court after hearing and the cause was ordered dismissed without prejudice. The judgment provided that IC 18–5–10–26 prohibiting further proceedings by the town for a period of two (2) years was not applicable.[1]

From this dismissal the remonstrators appeal. Their principal contention is that the trial court should have imposed a two year ban on further annexation proceedings.

■ The general rule is that a municipality is free to repeal its annexation ordinances that have not yet become effective, although a remonstrance is pending, and that when it does so the remonstrance may be dismissed as moot for want of a justiciable controversy. *Vesenmeir v. City of Aurora* (1953), 232 Ind. 628, 115 N.E.2d 734.

Equity recognizes, however, that a municipality may not use repeated repeal and reenactment of annexation ordinances covering substantially the same territory to harass and effectively deny landowners their right to remonstrate. Therefore, in *King v. City of Bloomington* (1959), 239 Ind.

548, 159 N.E.2d 563 our Supreme Court held that remonstrators may object to the municipality's motion to dismiss asserting intended harassment. When they do so they are entitled to an evidentiary hearing to determine (1) whether the municipality has created a hardship on the remonstrators by alleged harassment and vexatious proceedings in order to wear down the opposition; (2) whether the successive ordinances for annexation are the same or substantially the same annexation ordinances; and (3) whether the primary determinants for annexation, as fixed by statute, exist. 159 N.E.2d 571. The court went on to note, however, that even if the remonstrators successfully established intended prejudicial harassment, that would not entitle them to enjoin the proposed annexation. It would entitle them to file a supplemental complaint and litigate the merits of the proposed annexation. *See also Hewitt v. Millis* (1974), 159 Ind.App. 684, 309 N.E.2d 162.

■ Thus, the procedures to be followed where a municipality repeals an annexation ordinance which has been attacked by remonstrance may be summarized as follows: The city may move for dismissal of the remonstrance suit on grounds that there is no longer a justiciable controversy. The remonstrators may object to the dismissal alleging harassment according to the *King* requirements. They are then entitled to an evidentiary hearing for resolution of the questions of fact presented thereby. If the court determines that the *King* requirements have not been established, then the pending action should be dismissed and the remonstrators must file proper remonstrance(s) to the subsequent annexation ordinance(s) if they wish to contest the annexation. If the court determines that the *King* requirements have been met, then it should permit the filing of a supplemental

---

1. IC 18–5–10–26 provides in pertinent part:

"In case the decision is adverse to annexation, no further annexation proceedings for the territory shall be lawful for two (2) years after the annexation judgment, unless the annexation is petitioned in conformance with provisions [for petitions by the concerned landowners]."

The 1980 General Assembly recodified the laws governing cities and towns. The annexation statutes now appear at IC 36–4–3–1 et seq.

complaint addressed to the subsequently enacted annexation ordinance(s). The effect of this is to nullify the attempted harassment by permitting the propriety of the annexation to be litigated on the merits without the time and expense of again securing the statutory form of remonstrance. The subsequently enacted ordinance(s) will then be upheld or defeated upon the basis of the statutory requirements to sustain an annexation. If the annexation is defeated the statutory two-year moratorium is then invoked. Of course, if the court determines that the original action should be dismissed because of the repeal of the ordinance and the failure of the remonstrators' evidence to establish the *King* requirements, that determination may be appealed as other factual determinations are appealed. *Jones v. Town of Sunman* (1962), 243 Ind. 70, 181 N.E.2d 777.

■ In the present case, while the remonstrators objected to dismissal of the action, they did not follow the requirements of *King*. They did not seek to file a supplemental complaint and at the hearing on their objections they presented no evidence to establish either intended harassment or actual prejudice or hardship resulting from the town's actions. Instead they argued that the sole issue was whether the two-year moratorium provided by IC 18–5–10–26 should be imposed. The court in *King* already decided that issue adversely to them. Since they failed to present evidence to establish the exception provided in *King*, we cannot say the court erred in granting the dismissal. A justiciable controversy concerning Ordinance No. 618 no longer existed. *Webb v. City of Bloomington* (1974), 159 Ind.App. 258, 306 N.E.2d 382.

Affirmed.

HOFFMAN, P. J., and STATON, J., concur.