In the Matter of the Annexation Proposed by Annexation Ordinance No. X–08–68, being an Ordinance Which would Annex Certain Territory to the City of Fort Wayne, Indiana, and to Include same in Councilmanic District 2.

**REMONSTRATORS BELOW,**
**Appellants,**

v.

**CITY OF FORT WAYNE, Appellee.**

No. 02A03–8904–CV–127.

Court of Appeals of Indiana,
Third District.

May 29, 1991.

Lawrence A. Levy, Fort Wayne, for appellants.

J. Timothy McCaulay, Fort Wayne, for appellee.

STATON, Judge.

Remonstrators appeal from a judgment entered in the Allen Superior Court dismissing their remonstrance against a Fort Wayne annexation ordinance. Remonstrators raise five issues on appeal, which we consolidate and restate as:

 I. Whether the trial court's determination that Fort Wayne had not engaged in annexation harassment was contrary to law.

 II. Whether the trial court abused its discretion denying Remonstrators' various petitions for injunctive relief.

We affirm.

This action began in 1968 as a remonstrance against Fort Wayne's attempts to annex certain property referred to as the Tamarack annexation territory. In July of 1968, the Common Council of the City of Fort Wayne enacted Annexation Ordinance X–08–68, which sought to annex the Tamarack territory. In September of that same year, Remonstrators timely filed a remonstrance against Annexation Ordinance X–08–68 (hereinafter referenced as the 1968 annexation ordinance). Although the remonstrance proceeding remained a live controversy over the next 20 years, neither Fort Wayne nor Remonstrators sought to pursue active litigation between January of 1980 and December of 1987.

In July of 1988, Fort Wayne repealed the 1968 annexation ordinance. Four months later, Annexation Ordinance X–05–88 was enacted (hereinafter referenced as the 1988 annexation ordinance). The 1988 annexation ordinance sought to annex the same geographical territory as the 1968 annexation ordinance but added deferral and tax abatement provisions more favorable to property owners in the territory sought to be annexed.

On November 29, 1988, Fort Wayne filed a motion to dismiss on the grounds that the repeal of the 1968 annexation ordinance rendered the remonstrance against it moot. Shortly thereafter, Remonstrators filed objections to the motion to dismiss. Remonstrators charged that Fort Wayne's sole purpose in repealing the 1968 annexation ordinance and enacting the 1988 ordinance covering the same territory was to erode their ability and willingness to oppose annexation, and thus they were entitled to a hearing on the merits of the 1968 annexation ordinance. After an evidentiary hearing, the trial court determined that Remonstrators had failed to present proof sufficient to support their allegation of harassment and dismissed the 1968 remonstrance for want of justiciable controversy. On February 1, 1989, the trial court denied Remonstrators' motion for specific relief pending appeal from final order.

## I.

### *Annexation Harassment*

Remonstrators contend that they submitted sufficient evidence to prove annexation harassment and that the trial court entered its finding contrary to the evidence presented based on an erroneous interpretation of the law. Remonstrators argue that the trial court was required to consider the overall effect the dismissal of the 1968 remonstrance would have on Remonstrators rather than Fort Wayne's subjective intent when it repealed the ordinance and enacted a new one covering substantially the same territory. We disagree.

 A municipality may freely repeal a pending annexation ordinance regardless of whether a remonstrance has been filed against it. *Vesenmeir v. City of Aurora* (1953), 232 Ind. 628, 115 N.E.2d 734. In so doing, the remonstrance is rendered moot for want of a justiciable controversy. *Hewitt v. Millis* (1974), 159 Ind.App. 684, 309 N.E.2d 162, *reh. denied*. However, a limited exception to this general rule was set forth in *King v. City of Bloomington* (1959), 239 Ind. 548, 159 N.E.2d 563. In *King,* our supreme court determined that where a city has repealed and re-enacted an annexation ordinance with the intent to wear down the opposition, remonstrators may object to a city's motion to dismiss asserting intended harassment. *Id.* Where annexation harassment is alleged under such circumstances, remonstrators have the right to an evidentiary hearing on the question of harassment. *Besso v. Town of Porter* (1982), Ind.App., 432 N.E.2d 1380, 1381. However, the mere fact that a city has repealed an annexation ordinance and within a short period of time thereafter enacted an annexation ordinance seeking to annex substantially the same territory does not alone establish harassment. *Rogers v. City of Evansville* (1982), Ind.App., 437 N.E.2d 1019, 1025, *trans. denied.* Rather, the trial court must answer all of the following questions in the affirmative in order for remonstrators to prevail on a claim of annexation harassment:

1) whether the municipality has created a hardship on the remonstrators by alleged harassment and vexatious proceedings in order to wear down the opposition;

2) whether the successive ordinances for annexation are the same or substantially the same annexation ordinances; and

3) whether the primary determinants for annexation, as fixed by statute, no longer exist.

*Besso* at 1381 (citing *King, supra* 239 Ind. at 566, 159 N.E.2d at 571). If remonstrators successfully establish intended prejudicial harassment, they then are entitled to file a supplemental complaint and litigate the merits of the subsequently enacted ordinance. *Besso, supra; King, supra.* If the trial court determines that the remonstrators have failed to establish the above-referenced requirements, the determination may be appealed in the same manner as other factual determinations. *Besso, supra* at 1382.

The central and determinative question before us is whether the first of the *King* requirements contemplates proof of a subjective intent to harass remonstrators into abandoning their remonstrance or whether remonstrators may meet their burden of

showing harassment by demonstrating that the overall effect of the city's action is burdensome on their opposition efforts to the extent of wearing them down. *King* and its progeny are instructive on this issue.

The question directly presented in the *King* case was

> whether or not during an annexation appeal to a trial court as provided by statute, the City, for the *sole purpose of frustrating future remonstrances,* can repeal its annexation ordinance and thereby require a dismissal of the appeal and then, having accomplished its purpose, shortly thereafter re-enact the same or a substantially similar ordinance of annexation, compelling those opposing the annexation ordinance to go out again at great expense and work and prepare a second and subsequent remonstrance in order to secure a hearing on the merits of annexation in the trial court.

239 Ind. at 559, 159 N.E.2d at 568. (Our emphasis). The *King* court determined that remonstrators are entitled to the remedy of a hearing on the merits of a proposed annexation ordinance where it is shown that remonstrators had prepared at considerable time and expense to defend an action which then is dismissed *"for the avowed purpose of repeatedly filing like actions to harass and wear down [remonstrators] without giving [them] an opportunity to adjudicate and settle the issues on the merits...."* *Id.* at 564, 159 N.E.2d at 570. (Our emphasis).

In *Jones v. Town of Sunman* (1962), 243 Ind. 70, 181 N.E.2d 777, *reh. denied,* the city enacted an ordinance seeking to annex four non-contiguous tracts of land. After a remonstrance had been filed, the city repealed the annexation ordinance and at the same time passed separate annexation ordinances for each of the tracts of land included in the original annexation ordinance. Remonstrators objected to the dismissal of the original remonstrance proceeding on the grounds of annexation harassment. At a hearing held to consider the objection, the city provided evidence showing that it had repealed the original annexation ordinance because it feared it would be held invalid under recent caselaw indicating that an area proposed to be annexed must be a compact area and not separate areas. The trial court dismissed the action after determining that remonstrators had failed to prove their allegations of harassment and the "purpose of the dismissal was not for that reason." *Id.* 181 N.E.2d at 778. In *Jones,* the burden on remonstrators would have been to acquire funds and signatures sufficient to file remonstrances against four annexation proposals rather than one. Nonetheless, our supreme court affirmed the decision of the trial court on the grounds that its decision was within its province as the trier of fact.

Finally, we consider the case of *Besso v. Town of Porter, supra.* In *Besso,* we determined that the trial court did not err in dismissing a remonstrance proceeding where remonstrators had failed to present evidence to establish "either intended harassment or actual prejudice or hardship resulting from the town's actions." 432 N.E.2d at 1382. This can be construed to hold that either showing is sufficient to establish the *King* exception or that remonstrators failed to meet even one of a two-part required showing.

In light of the caselaw previously discussed, we conclude that remonstrators opposing a dismissal on the grounds of annexation must prove that they have suffered or will suffer actual prejudice or hardship if the remonstrance is dismissed. They also must prove, either by direct or circumstantial evidence, that a substantial purpose in repealing the ordinance was to wear down the opposition. Every renewed attempt by a city council to annex would have to be heard on the merits if the remonstrators only had to show prejudice or hardship. If this were true, all that the remonstrators would be required to show is that they have expended time and money in opposing the original proceeding and might consider not opposing a new ordinance because of the new expenditures required. For example: a city may attempt to repeal an annexation ordinance for the otherwise valid purpose of rectifying its inadvertent

failure to bring the ordinance within the statutory requirements for annexation. Nonetheless, remonstrators may force a review on the merits of the invalid ordinance simply by showing hardship or prejudice. The inevitable adverse decision on the merits of the ordinance would require the city to wait two years before recommencing its attempt to annex the subject territory. *See* West's AIC 36–4–3–15. This result would completely disrupt the orderly and efficient administration of the annexation process.

 Remonstrators in the case before us bore the burden of proving annexation harassment and thus are in the position of appealing from a negative judgment. In addition, the trial court entered findings of fact and conclusions of law. Our review in such instances is limited to consideration of whether the judgment of the trial court is clearly erroneous. Indiana Rules of Procedure, Trial Rule 52(A). Conclusions of law are clearly erroneous if unsupported by the findings of fact; and findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Donavan v. Ivy Knoll Apartments Partnership* (1989), Ind.App., 537 N.E.2d 47, 50.

 In the present case, the trial court found that Fort Wayne had not repealed the 1968 ordinance and enacted the 1988 ordinance with the intent to harass Remonstrators into abandoning their opposition to the proposed annexation. In support of this conclusion, the trial court noted that the 1988 ordinance contained referral and tax abatement provisions beneficial to property owners not present in the 1968 ordinance; that prior to the repeal of the 1968 ordinance Fort Wayne officials were concerned that the 20 year passage of time would make it difficult to locate the evidence and witnesses necessary to establish the validity of the ordinance; that no new annexation ordinance proposals on the subject territory were adopted during the 20 year period; and that Fort Wayne had no plans to repeal the 1988 ordinance should Remonstrators mount a statutorily sufficient remonstrance to the same. Also of note is the determination of the trial court

that, of the 649 properties in the area sought to be annexed, 281 had been transferred since January of 1980 and only 112 were still owned by signers of the original remonstrance. This raises the question of whether a majority of the current property owners within the Tamarack territory would oppose annexation. The findings are supported by the record and support the judgment. Due to the finding that Fort Wayne lacked the subjective intent to harass Remonstrators by repealing the 1968 ordinance and enacting the new one, we must conclude that Remonstrators failed to establish the *King* requirements; therefore, Fort Wayne was entitled to the dismissal.

## II.

### *Injunction*

Remonstrators also argue that the trial court erred in denying them injunctive relief on the four occasions such relief was prayed for. In each case, Remonstrators sought to toll the remonstration time period or stay the new remonstration proceeding regarding the 1988 annexation ordinance pending resolution of this case in the trial court or on appeal. Remonstrators argue that the expense and burden of opposing the 1988 annexation ordinance while the possibility existed of earning and winning a trial on the merits of the 1968 ordinance entitled them to equitable relief.

 It is unnecessary to decide the question of whether Remonstrators were entitled to injunctive relief. We will not reverse the decision of a lower court where such would not result in a change of the status quo. *Bartholomew County Hospital v. Ryan* (1982), Ind.App., 440 N.E.2d 754, 757, *trans. denied.* Remonstrators do not argue that they failed to meet the deadline for filing a new remonstrance against the 1988 ordinance. The deadline would have occurred on February 6, 1989, 60 days following final publication of the 1988 ordinance. *See* West's AIC 36–4–3–7 and IC 36–4–3–11. We have concluded that the trial court correctly dismissed the 1968 remonstrance proceeding, thus requiring

the expenditure of time and money already incurred to remonstrate against the 1988 annexation ordinance. Since said expenditures would have been incurred regardless of whether the trial court granted the requested injunctions, we conclude that equity has no remedy and that this issue is moot.

Affirmed.

GARRARD, J., concurs.

SULLIVAN, J., concurs and files separate opinion.

**SULLIVAN, Judge, concurring.**

In concurring, I do not subscribe to any implication that the present grievance is properly addressed to the repealed 1968 ordinance. Accordingly, the controversy before us does not involve a remonstrance to the 1968 ordinance. That ordinance no longer exists. Therefore, there is no city enactment to which the remonstrance could be addressed. The controversy here, in actuality, involves the 1988 ordinance and whether its passage represents harassment in the light of the earlier events.

The majority observes (at 1314) that when evidence of harassment is present, remonstrators may "file a *supplemental* complaint and litigate the merits of the *subsequently* enacted ordinance." (Emphasis supplied.) The remonstrators did not follow such procedure in this case. They merely objected to dismissal of their 1968 remonstrance.

While I would suggest and approve of a short-form procedural vehicle to attack repetitive, harassing annexation ordinances, I agree that in the case before us the remonstrators fail because they did not carry their evidentiary burden of proof—not because they utilized the wrong procedure or attacked the wrong ordinance.