**In the Matter of the Annexation Proposed By Annexation Ordinance Number X–06–91 Being an ORDINANCE TO ANNEX CERTAIN TERRITORY TO the CITY OF FORT WAYNE and to Include Same in Councilmanic District Number 2 (Walden Annexation).**

No. 02A03–9403–CV–129.

Court of Appeals of Indiana, Third District.

Nov. 10, 1994.

Rehearing Denied Feb. 20, 1995.

John M. Clifton, Jr., Barrett & McNagny, Fort Wayne, for appellant.

J. Timothy McCaulay, City of Fort Wayne Dept. of Law, Fort Wayne, for appellee.

## OPINION

STATON, Judge.

Walden area residents ("Remonstrators") appeal the trial court's order overruling their remonstrance to the city of Fort Wayne's ("City") proposed annexation of their neighborhood. Remonstrators present one issue for our review, which we separate into six and restate as follows:

I. Whether the City is statutorily precluded from implementing Annexation Ordinance X–06–91.

II. Whether the City's actions constitute harassment, bad faith or vexatious conduct precluding it from implementing the annexation ordinance.

III. Whether amendments to the proposed fiscal plan prior to passage of the annexation ordinance resolution deprived landowners of notice of the plan's contents.

IV. Whether errors in the legal description contained in the ordinance render it so defective as to preclude annexation, and reformation thereof by the trial court was improper.

V. Whether the trial court erred in determining that Annexation ordinance X–06–91 complied with the statutory requirements of annexation.

VI. Whether the trial court erred in finding that the annexation ordinance was not implemented by the City solely to raise tax revenue.

We affirm.

The facts most favorable to the judgment reveal that on October 22, 1991, the City passed Annexation Ordinance X–06–91, which proposed to annex a 23% contiguous geographical area known as Walden. This area was originally part of an annexation proposed in 1979 and repealed on July 11, 1989. When the City passed the current annexation ordinance, a remonstrance to the 1979 proposal was pending in Allen County Circuit Court.

The City's annexation proposal includes provisions for adding certain non-capital services as well as capital improvements to the Walden area. The proposal also includes cost estimates and methods for financing the planned services, which includes collecting additional tax revenues from area residents. On December 13, 1991, residents filed a remonstrance to this annexation in Allen Superior Court. After a bench trial, the court entered extensive findings of fact and conclusions of law overruling the remonstrance, and this appeal ensued.

When a party has requested specific findings of fact and conclusions thereon pursuant to Ind.Trial Rule 52(A), the reviewing court cannot affirm the judgment on any legal basis; rather, this court must determine whether the trial court's findings are sufficient to support the judgment. *Vanderburgh County Board of Commissioners v. Rittenhouse* (1991), Ind.App., 575 N.E.2d 663, 665, *trans. denied.* In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *DeHaan v. DeHaan* (1991), Ind.App., 572 N.E.2d 1315, 1320, *trans. denied.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

## I.

### Statutory Barriers to Annexation

Remonstrators challenge the trial court's findings as clearly erroneous on several bases. Relevant to the Remonstrators first allegation of error is annexation ordinance X–04–79, which was proposed in 1979 and included the Walden area. Annexation ordinance X–04–79 was repealed in 1989; however, a remonstrance to the 1979 ordinance was pending until February 2, 1993. The court's order dismissing the 1979 remonstrance included findings regarding defects in the annexation ordinance "cast[ing] serious doubts on the ability of the City to sustain said ordinance." Record, p. 833–3. Despite these defects, because the subject ordinance had been repealed the remonstrance was dismissed. The court ordered the City to pay the remonstrators' attorney fees. Record, p. 833–8.

Remonstrators argue that the court's February 2, 1993 decision divests the City of power to annex the subject territory for two years thereafter, rendering the current annexation ordinance contrary to law. Remonstrators rely on the following statute in support of their argument:

> In case the decision is adverse to annexation, no further annexation proceedings for the territory shall be lawful for two (2) years after the rendition of the judgment, unless the annexation is petitioned in conformance with provisions of section 405 [18–5–10–23] of this article.

IND.CODE 18–5–10–26 (Supp.1979) [repealed by P.L. 212, effective September 1, 1981]. According to Remonstrators, although the February 2, 1993 decision was a judgment dismissing the remonstrance, it was in fact a decision adverse to annexation because it questioned the legality of the ordinance and assessed attorney fees against the City.

Remonstrators' argument is one of statutory construction. In support of their argument, Remonstrators rely on the legislature's 1981 recodification of the relevant statute, which states in relevant part:

> If a judgment [on remonstrance] is adverse to annexation, the municipality may not make further attempts to annex the territory during the two [2] years following the judgment. . . .

IND.CODE 36–4–3–15(b) (1993). Remonstrators contend that the legislature's change from the term decision to the term judgment in the recodified provision is evidence that these terms should be given different meanings, thereby indicating that the term deci-

sion should be read broadly to include any adverse finding by the court.

We reject this argument. A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. *State v. Windy City Fireworks, Inc.* (1992), Ind.App., 600 N.E.2d 555, 558, *adopted on transfer* (1993), Ind., 608 N.E.2d 699. We presume words appearing in the statute were intended to have meaning, and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Indiana Dept. of Human Services v. Firth* (1992), Ind.App., 590 N.E.2d 154, 157, *trans. denied.* The terms judgment and decision may be used interchangeably. *See* BLACK'S LAW DICTIONARY 494–495 (3rd Ed.1968). Their plain and ordinary meanings in the context of the respective statutes, as well as the legislature's intent in recodification,[1] support the conclusion that both terms should be construed to refer to the final disposition of a remonstrance. In the case at bar, the court's final order dismissed the 1979 remonstrance. Because such disposition is not adverse to annexation, the current annexation ordinance is not barred by the two year limitation contained in I.C. 18–5–10–26.

## II.

### *Harassment*

Remonstrators next argue that passing the current annexation ordinance during the pendency of the 1979 litigation constitutes harassment, bad faith or vexatious conduct by the City, thus precluding judgment in the City's favor. It is well settled that a municipality is free to repeal a pending annexation ordinance regardless of whether a remonstrance has been filed opposing it. *Remonstrators Below v. City of Fort Wayne* (1991), Ind.App., 571 N.E.2d 1312, 1314. A limited exception to this rule exists where the municipality repeals and then reenacts an ordinance for the sole pur-

pose of harassing the remonstrators in order to wear down their opposition. *Id.* (citing *King v. City of Bloomington* (1959), 239 Ind. 548, 159 N.E.2d 563). In order to prevail on their harassment claim, Remonstrators must prove each of the following elements: 1) the City has created a hardship on them by alleged harassment and vexatious proceedings in order to wear down their opposition; 2) the successive ordinances for annexation are the same or substantially similar to the first; and 3) the primary statutory determinants for annexation no longer exist. *Id.*

Remonstrators present no affirmative evidence supporting these elements. Instead, Remonstrators rely on the fact that their first remonstrance was still pending when the City enacted the 1991 annexation ordinance. Additionally, Remonstrators point to the City's dilatory conduct during the pendency of the first remonstrance.

From this evidence we cannot conclude that the trial court's finding is clearly erroneous. A municipality may repeal an ordinance which it believes to be defective to avoid a trial on the merits and subsequently reenact an ordinance covering the same territory. *Jones v. Town of Sunman* (1962), 243 Ind. 70, 73, 181 N.E.2d 777, 778, *reh. denied.* This conduct alone is insufficient to warrant reversal of the trial court's finding. *Id.* Moreover, Remonstrators present no evidence to refute the trial court's finding that the 1991 ordinance is not substantially the same as the 1979 ordinance. Because these findings are supported by the record, our standard of review does not permit reversal.

## III.

### *Amendments to Fiscal Plan*

Remonstrators next allegation of error stems from changes made in the City's fiscal plan, originally prepared in May 1991, prior to its passage in October 1991. Remonstrators contend that because the City made

---

1. The legislative history contains the following statement by the General Assembly:
   This act is intended to be a codification and restatement of applicable or corresponding provisions of the laws repealed by this act. If

this act repeals and replaces a law in the same form or in a restated form, the substantive operation and effect of that law continues uninterrupted.
1980 Ind. Acts 212, § 11(a), p. 1854.

changes to its fiscal plan after the proposal was presented to residents in June, 1991, Remonstrators were not sufficiently notified of the fiscal plan's contents. Such notice is required so that "landowners [may] make an intelligent decision about whether to accept annexation or remonstrate." *City of Hobart v. Chidester* (1992), Ind., 596 N.E.2d 1374, 1377–1378, *reh. denied.* According to Remonstrators, they were given insufficient notice of the changes made after June 1991, and therefore could not make an informed decision about whether to remonstrate.

■ This argument is without merit. The relevant statutory provision requires the evidence to establish "that the municipality has developed a written fiscal plan ... by resolution of the legislative body, as of the date of passage of the annexation ordinance." IND.CODE § 36–4–3–13(d) (1993). The resolution need not contain the text of the fiscal plan, as long as the plan's contents are incorporated by reference. *City of Hobart, supra* at 1377, n. 4.

■ The record indicates that the City complied with this statutory provision when it passed the 1991 annexation ordinance by resolution in October 1991. The resolution clearly incorporated by reference the written fiscal plan, which the City placed on file and available for public inspection in the city clerk's office. Record, pp. 401–402. Remonstrators had ample time and opportunity after the final resolution to inspect the ordinance and its incorporated fiscal plan, as they are allotted sixty days from the date of

publication of the ordinance to file their remonstrance. IND.CODE § 36–4–3–11(a) (1993).[2] The mere fact that the City informed area residents regarding an earlier draft of the proposed fiscal plan does not render defective the City's subsequent actions. The trial court's conclusion that the City complied with the applicable statutory requirements for filing and publication is well supported by the record.

### IV.

### *Sufficiency of Description*

■ Remonstrators next challenge the trial court's conclusion that the ordinance's legal description was sufficient, thus allowing reformation of three errors therein.[3] It is well settled that misdescriptions in an annexation ordinance may be disregarded where the boundaries of the annexation territory are evident from a fair and reasonable construction of the ordinance without result to parol evidence. *Ensweiler v. City of Gary, Lake County* (1976), 169 Ind.App. 642, 646, 350 N.E.2d 658, 660, *trans. denied.*

■ The trial court found that although the legal description contained an error, the area was adequately described by a map incorporated in the fiscal plan. Remonstrators argue that these findings are contrary to law because the errors in the legal description insufficiently identified the annexation territory, thus preventing the City from meeting the statutory elements required for a valid annexation.[4] We disagree.

2. Remonstrators in fact filed a valid remonstrance during the sixty day time period pursuant to I.C. 36–4–3–11(a).

3. Remonstrators contend that reformation was an improper exercise of the trial court's equitable powers. However, our supreme court has determined that a court may reform an erroneous description that otherwise provides sufficient notice of the annexation territory:

   [I]t is always proper and desirable that the court, in entering a decree which effects the transfer of real estate, describe the territory involved with the greatest possible clarity and certainty, even though a more complete description requires language different than that used in the complaint or enactment by which the proceeding was instituted.

*Woerner v. City of Indianapolis* (1961), 242 Ind. 253, 266, 177 N.E.2d 34, 39, *reh. denied, cert. denied,* 368 U.S. 989, 82 S.Ct. 605, 7 L.Ed.2d 526. We thus conclude that reformation was proper in this case.

4. The elements required for a valid annexation are as follows:

   (a) ... [T]he court shall order a proposed annexation to take place if the following requirements are met:
   (1) The requirements of either subsection (b) or (c).
   (2) The requirements of subsection (d).
   (b) The requirements of this subsection are met if the evidence establishes the following:
   (1) That the territory sought to be annexed is contiguous to the municipality.
   (2) One of the following:

Expert testimony established that the description was erroneous because the word southeast incorrectly appeared in three places therein. The expert testified that he could identify the errors in the description without resulting to parol evidence, and that by substituting the term southwest for southeast, he could identify the annexation territory. Record, p. 617–622. In addition, the maps which were incorporated into the ordinance made the boundaries evident. *See Ensweiler, supra.* From this evidence the trial court could reasonably conclude that the annexation territory was sufficiently described, and that no one was seriously misled by the errors.

## V.

### Statutory Requirements

■ Remonstrators also contend that the City failed to satisfy the statutory requirements of IND.CODE § 36–4–3–13(d)(4) and (5) because no evidence of topography, land use and population density comparisons was presented to the trial court. As a result, the trial court's conclusions that the City's fiscal plan satisfied I.C. 36–4–3–13(d) and is "a sufficient benchmark by which to measure the services actually to be provided the territory as against those services promised," Record, p. 383, are contrary to law.

The Indiana Supreme Court addressed this issue in *City of Hobart v. Chidester, supra.* In *City of Hobart,* our supreme court concluded that in order to satisfy I.C. 36–4–3–13(d)(4) and (5), the City should set forth its topography, land use and population density comparisons to a similar area, by either including that information in the fiscal plan itself or by presenting evidence thereof at trial. *Id.* at 1378. This is because such comparisons "provid[e] a guidepost for cities in determining what services should be provided to the annexed territory." *Id.*

(A) The resident population density of the territory sought to be annexed is at least three (3) persons per acre.
(B) Sixty percent (60%) of the territory is subdivided.
(C) The territory is zoned for commercial, business, or industrial uses.
I.C. 36–4–3–13.

In the case at bar, the fiscal plan incorporated in the annexation ordinance makes substantial comparisons to an area which it determined to be comparable. City planner Nancy Townsend testified at trial regarding these comparisons. The trial court concluded that the City Planning Department satisfied the requirements of I.C. 36–4–3–13(d)(4) and (5) by making the appropriate comparisons prior to making the determination of services to be provided the Walden area.[5] Record, p. 384. Remonstrators' allegation of error merely points to alleged contradictions in the fiscal plan and the evidence presented at trial. This is an invitation to reweigh the evidence, which we will not do. *DeHaan, supra.* Because the record supports the conclusion that the statutory requirements for annexation were met, we find no error.

## VI.

### Purpose of Annexation

■ Under a former version of Indiana's annexation statute, our supreme court concluded that a city may not annex property for the sole purpose of increasing tax revenues. *City of Aurora v. Bryant* (1960), 240 Ind. 492, 165 N.E.2d 141, *reh. denied.* Our supreme court recently determined that such purpose was also impermissible under the current version of I.C. 36–4–3–13(c). *Chidester v. City of Hobart* (1994), Ind., 631 N.E.2d 908, 913, n. 6.

Remonstrators contend that this rationale also applies to annexations under I.C. 36–4–3–13(b), thus rendering the City's annexation effort contrary to law. However, we believe it is unnecessary to make this determination. The trial court specifically found that the City's purpose in annexing Walden is not solely to raise taxes. Record, pp. 382–384. Remonstrators challenge this finding based only upon inferences gleaned from a comparison of the City's costs of annexation to the

5. Remonstrators contend that the trial court's Conclusion No. 7 reached the opposite result. Appellant's Brief at 43. However, a careful review of the record reveals that Remonstrators contention is wholly meritless; it is based on a misquote of Conclusion No. 7. *See* Record, p. 384.

revenue gained from annexation. Although the record indicates that the City will gain substantial revenue from the annexation, the City presented evidence of additional reasons for its action.[6] This court will not reweigh or judge the credibility of that evidence on appeal. Because the evidence before the trial court supports its findings and conclusions thereon, we will not disturb its judgment on appeal.

Affirmed.

SHARPNACK, C.J., and GARRARD, J., concur.

6. The City's fiscal plan indicates that the decision to annex the Walden area is part of a larger comprehensive annexation program implemented by the City. The program is based on a comprehensive study done by the City's Department of Community Development and Planning, which recommended annexation of land contiguous to the city limits in order to allow control and management of urban growth. Record, p. 404. Moreover, the record indicates that the City already provides certain services to the area, and that the area will benefit by the provision of additional services outlined in the fiscal plan. This evidence is sufficient to support the trial court's finding. *See Sarringhaus v. City of Shelbyville* (1971), 149 Ind.App. 255, 256–257, 271 N.E.2d 471, 472, *trans. denied.*