**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



Dec 16 2014, 11:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**L. CHARLES LUKMANN**
**ROBERT A. WELSH**
Harris Welsh & Lukmann
Chesterton, Indiana

ATTORNEY FOR APPELLEE:

**WILLIAM H. WALDEN**
Munster, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

F.I.P., LLC, TODD FINNER, and SCOTT FINNER )
               )
   Appellants-Defendants,     )
               )
     vs.         )   No. 45A03-1405-PL-162
               )
NICK PETROVSKI,        )
               )
   Appellee-Plaintiff.      )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Steven E. King, Judge Pro Tempore
Cause No. 45D04-1003-PL-22

**December 16, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

F.I.P., LLC ("F.I.P."), Todd Finner, and Scott Finner bring this interlocutory appeal from the trial court's denial of their motion for summary judgment on the complaint of Nick Petrovski. F.I.P. and the Finners raise a single issue for our review, namely, whether the trial court erred when it denied their motion for summary judgment. We affirm.

## FACTS AND PROCEDURAL HISTORY

In 1999, the Finners owned S&T Associates ("S&T") and F.I.P. The Finners hired Petrovski as an employee at S&T pursuant to an oral employment contract. Under the terms of that contract, Petrovski agreed to be paid at a "reduced rate of compensation," and, in exchange, after five years of employment he would receive from the Finners a 10% ownership in F.I.P. Appellant's App. at 41. Petrovski's ownership in F.I.P. vested on January 1, 2005. Thereafter, Petrovski made "repeated demands" to the Finners for them to "transfer" 10% of F.I.P. to Petrovski and to reduce their agreement to writing. Id. at 79. The Finners did not dispute Petrovski's ownership interest but they nonetheless refused to comply with his demands.

In December of 2009, Petrovski discovered that the Finners had dissolved F.I.P. on June 11, 2009. On March 17, 2010, Petrovski filed his complaint against F.I.P. and the Finners to recover his 10% interest in F.I.P. During ensuing discovery, Petrovski learned for the first time that F.I.P. had transferred about seventeen acres of real property to the Finners in October of 2004, shortly before Petrovski's interest in F.I.P. had vested,

2

and that F.I.P. had sold other property, without Petrovski's knowledge, for $1.3 million in November of 2006.

On September 18, 2013, F.I.P. and the Finners filed their motion for summary judgment on Petrovski's complaint. F.I.P. and the Finners argued that they were entitled to summary judgment only on the grounds that Petrovski's complaint was barred by the statute of limitations. In his response, Petrovski asserted that his injury did not occur until the Finners had dissolved F.I.P., and Petrovski filed his complaint within two years of F.I.P.'s dissolution. The trial court agreed with Petrovski and denied F.I.P. and the Finners' motion for summary judgment. This interlocutory appeal ensued.

## DISCUSSION AND DECISION

F.I.P. and the Finners appeal the trial court's denial of their motion for summary judgment. Our supreme court recently reaffirmed our standard of review in summary judgment appeals:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Williams v. Tharp, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." Id. (internal citations omitted).
>
> The initial burden is on the summary-judgment movant to "demonstrate[] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. Id. at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we

carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." McSwane v. Bloomington Hosp. & Healthcare Sys., 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

Hughley v. State, 15 N.E.3d 1000, 1003 (Ind. 2014) (alterations original to Hughley).

Summary judgment is a "high bar" for the moving party to clear in Indiana. Id. at 1004. "In particular, while federal practice permits the moving party to merely show that the party carrying the burden of proof [at trial] lacks evidence on a necessary element, we impose a more onerous burden: to affirmatively 'negate an opponent's claim.'" Id. at 1003 (quoting Jarboe v. Landmark Cmty. Newspapers of Ind., Inc., 644 N.E.2d 118, 123 (Ind. 1994)). Further:

> Summary judgment is a desirable tool to allow the trial court to dispose of cases where only legal issues exist. But it is also a "blunt . . . instrument" by which the non-prevailing party is prevented from having his day in court. We have therefore cautioned that summary judgment is not a summary trial and the Court of Appeals has often rightly observed that it is not appropriate merely because the non-movant appears unlikely to prevail at trial. In essence, Indiana consciously errs on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims.

Id. at 1003-04 (citations and some quotations omitted; omission original to Hughley). Thus, for the trial court to properly grant summary judgment, the movants must have made a prima facie showing that their designated evidence negated an element of the nonmovant's claims, and, in response, the nonmovant must have failed to designate evidence to establish a genuine issue of material fact. See Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1270 (Ind. 2009).

Here, F.I.P. and the Finners assert that they are entitled to judgment as a matter of law because Petrovski failed to file his complaint within two years of the accrual of his

4

cause of action.  According to F.I.P. and the Finners:  "[Indiana Code Section] 34-11-2-1 establishes a two-year statute of limitation for . . . Petrovski to bring a cause of action related to a benefit or privilege of his employment where his employment agreement is oral and not executed in writing."  Appellant's Br. at 5-6.  F.I.P. and the Finners thus assume that Petrovski's cause of action arises out of his oral employment contract with S&T.

The premise underlying F.I.P. and the Finners' argument is incorrect.  Petrovski's complaint does not allege that S&T and the Finners breached the oral contract they had with Petrovski for his employment with S&T.  Indeed, S&T is not a party at all.  Rather, Petrovski's complaint alleges that F.I.P. and the Finners "refused to pay [Petrovski] his [10%] interest" following the dissolution of F.I.P.  Appellant's App. at 41.  Thus, Petrovski's claim is a direct shareholder action.  E.g., G&N Aircraft, Inc. v. Boehm, 743 N.E.2d 227, 234 (Ind. 2001).  As a direct shareholder action, Petrovski's injury is one to personal property.  See Browning v. Walters, 616 N.E.2d 1040, 1047 (Ind. Ct. App. 1993), aff'd on reh'g, 620 N.E.2d 28.  As such, the two-year statute of limitations under Indiana Code Section 34-11-2-4 applies.

F.I.P. and the Finners respond to this by suggesting that Petrovski's injury occurred when his 10% interest in F.I.P. vested, he demanded F.I.P. and the Finners "transfer" his interest to him, and they refused.  See Appellant's App. at 79.  But F.I.P. and the Finners are again incorrect, and they read too much into Petrovski's request that they "transfer" his 10% interest to him.  See id.  The facts most favorable to Petrovski show that, while Petrovski wanted the Finners to recognize his 10% interest in writing

5

and they never formally did so, neither did they expressly disclaim his interest. And the injury underlying Petrovski's complaint is not the Finners' refusal to transfer or otherwise recognize his 10% interest in F.I.P. Rather, the legal injury underlying the complaint is the dissolution of Petrovski's 10% interest. Petrovski filed his complaint in March of 2010, less than one year after that injury actually occurred. Thus, F.I.P. and the Finners are not entitled to summary judgment on this claim under the statute of limitations.

In his brief on appeal, Petrovski suggests that, during the course of discovery, he learned of additional harms caused to him by F.I.P. and the Finners. In particular, Petrovski asserts that he "has a fraud action based on the[] newly discovered facts" of the allegedly "fraudulent" land-sale from F.I.P. to the Finners and the $1.3 million transfer that occurred during his ownership but without his knowledge. Appellee's Br. at 5. While Petrovski has not yet filed an amended complaint to allege fraud, the trial court concluded that summary judgment was not appropriate on these putative fraud claims. Thus, we will briefly address the issue.

We agree with the trial court and Petrovski that, where parties "liable to an action conceal[] the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of the cause of action." Ind. Code § 34-11-5-1. And the statute of limitations for an action for relief against fraud is six years. I.C. § 34-11-2-7. Petrovski designated evidence to show that the Finners withheld these transactions from him and that he did not learn of these putative claims until 2013. Thus, in the interest of judicial economy, given that the trial court has already concluded that summary judgment is not appropriate on the fraud

6

claims, we assume that based on the newly discovered evidence the trial court will grant Petrovski leave to amend his complaint to include these claims. In that case, F.I.P. and the Finners would not be entitled to summary judgment against Petrovski on those claims under the statute of limitations. We affirm the trial court's denial of F.I.P. and the Finners' motion for summary judgment.

Affirmed.

BAILEY, J., and PYLE, J., concur.